**Ex parte Willie GRAY.**

**No. 41176.**

Court of Criminal Appeals of Texas.

March 27, 1968.

Jack L. Beezley, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding relator to custody for extradition to the State of Mississippi. Relator was convicted, sentenced and paroled in Mississippi for the offense of grand larceny. He is alleged to have violated the conditions of his parole and extradition is sought under Art. 51.13, Sec. 3, Vernon's Ann.C.C.P.

At the hearing the State introduced into evidence the Governor's warrant, making out a prima facie case, and the requisition and supporting papers executed by the Lieutenant and Acting Governor of Mississippi. Among these papers were (1) the indictment upon which relator's conviction was based, and (2) the judgment entered in relator's cause in Mississippi.

Relator first contends that the judgment introduced by the State was not in fact a judgment, but rather was a "Certified Copy of Sentence". We first note that while the document does contain such title, it also contains the heading "JUDGMENT". The document also contains all essential elements of a judgment and sentence. We note further that Art. 51.13, supra, provides that either "a copy of a

judgment of conviction or of a sentence imposed in execution thereof" will suffice to support extradition of a convicted fugitive accused of breaking the conditions of his parole.

■ Relator next contends that the indictment supporting the conviction giving rise to this cause is defective in that it does not specifically allege the precise date of the commission of the offense charged, but alleges only the month and year.

The question of the validity of the indictment is for the Courts of Mississippi and not for this Court.

The judgment is affirmed.