**Ex parte Ivory Winston NAGGLES.**

**No. 45627.**

Court of Criminal Appeals of Texas.

July 12, 1972.

James Sparks, Jr., Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the Criminal District Court of Jefferson County remanding appellant to custody for extradition to the State of California for violation of parole after convictions for burglary, receiving stolen property and possession of marihuana.

At the habeas corpus hearing on January 10, 1972, the State offered into evidence the Executive Warrant of the Governor of Texas, regular on its face, and, in addition, all of the supporting papers.

The appellant offered no evidence.

■ It is well settled that the introduction of the Governor's warrant, regular on its face, makes out a prima facie case for extradition. And, nothing in the supporting papers tended to defeat such prima facie case, but in fact supported the same.

In his sole contention, appellant claims that there was a failure to comply with Article 51.13, § 3, Vernon's Ann.C.C.P., which provides, in part,

". . . that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments (supporting papers) to be delivered to the defendant or to his attorney."

He advances the claim that he was denied a copy of the supporting papers. This is not supported by the record.

When the State offered the Executive Warrant and original supporting papers into evidence, the prosecutor tendered to appellant's appointed counsel a xerox copy

of such instruments. The prosecutor also noted that the copy had been on file in the District Clerk's office for several weeks and available to the appellant and his counsel. The prosecutor also observed that appellant's counsel had made a written notion or request for such instruments which were filed among the papers of the cause several weeks earlier, but noted that the motion had never been called to the trial judge's attention nor acted upon by him.

After receiving a copy of the supporting papers, the appellant made no motion for continuance nor requested additional time in which to study such instruments before proceeding with the hearing.

■ The right of the accused to a copy of such instruments is a valuable right conferred by statute. Ex parte Tucker, 168 Tex.Cr.R. 286, 324 S.W.2d 853 (1959); Ex parte Moore, 158 Tex.Cr.R. 407, 256 S.W.2d 103 (1953), held, however, that the provision of the statute involved is directory and becomes mandatory only when a request is made for such supporting papers.

In Ex parte Dodson, 387 S.W.2d 406 (Tex.Cr.App.1965), this court said that absent a request therefor, "failure to furnish appellant with copies would not be error where no request is shown."

■ If a request is made though, a failure to furnish the defendant with a duplicate copy of the papers supporting extradition is reversible error. See Ex parte Kronhaus, 410 S.W.2d 442 (Tex.Cr.App. 1967), and cases there cited.

■ It is true that the appellant made a timely pretrial written request for such instruments, but did not call the matter to the trial court's attention. Subsequently, he announced ready for the hearing, and when he was furnished a copy of the instruments, he made no motion for continuance nor requested time in which to study the instruments. See Ex parte Wiggins, 435 S.W.2d 517 (Tex.Cr.App.1968).

Appellant's contention is without merit.

No motion for rehearing will be filed by the clerk of this court except upon leave of the court for good cause shown.

The judgment is affirmed.