**Ex parte Bill Edwin GIDEON.**

**No. 46433.**

Court of Criminal Appeals of Texas.

April 4, 1973.

Rehearing Denied May 1, 1973.

Malcolm Dade, Dallas, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from an order entered in a habeas corpus proceeding remanding the relator to custody for the purpose of extradition to the State of New Mexico.

At the habeas corpus hearing, the State introduced the Executive Warrant of the Governor of Texas, regular on its face. Such warrant reflects that the relator stands convicted in the State of New Mexico with the offense of voluntary manslaughter in violation of § 40A–2–3(A), N.M.S.A., and that he had been released to the Texas Department of Corrections to complete service of a prior Texas conviction.

The relator then introduced all of the supporting papers and, in addition, offered an uncertified copy of an order of dismissal, and a transcription of the court reporter's notes of the proceedings in which the relator entered a plea of guilty.

It is well established that the introduction of the Governor's Warrant, regular on its face, makes a prima facie case authorizing extradition, Ex parte Kronhaus, 410 S.W.2d 442 (Tex.Cr.App.1967); Ex parte Juarez, 410 S.W.2d 444 (Tex.Cr.App.1967); Ex parte Clubb, 447 S.W.2d 185 (Tex.Cr.App.1969), and, where this occurs, the burden shifts to the relator to overcome prima facie proof of the existence of every fact which the Governor was obliged to determine before issuing the extradition warrant. Ex parte Manzella, 452 S.W.2d 913 (Tex.Cr.App.1970).

In our opinion, in the instant case, nothing offered by the relator was sufficient to overcome the prima facie case made by the introduction of the Governor's Warrant, regular on its face.

Relator asserts, however, that "under the laws of the State of New Mexico," he "is being twice put in jeopardy for the same offense."

Relator apparently bases his claim on the uncertified copy of dismissal entered sometime after the judgment and sentence. There appears to be some confusion in the New Mexico records, apparently due to clerical errors, as to cause numbers. It appears relator was originally charged with the offense here involved in Cause No. 8076 in the District Court of Santa Fe County, New Mexico. For reasons not altogether clear, the same offense was subsequently "refiled" as Cause No. 8112. On January 2, 1968, the relator entered a plea of guilty in Cause No. 8112, and the trial judge orally announced that Cause No. 8076 was being dismissed. An "order" contained in the supporting papers refers to the guilty plea proceedings as "Cause No. 8076," although an inked-in correction appears to read "refiled as Cause No. 8112." The uncertified copy of dismissal supposedly entered in Cause No. 8112 and relied upon by relator is dated June 3, 1969, well over a year after conviction. It reflects that the cause was set for jury trial and that "the court and a jury panel being available for the trial of said case but the District Attorney not being ready for trial," the cause would be dismissed without prejudice.

If, under these circumstances, the relator has been placed in double jeopardy under New Mexico laws this is a question for the courts of that state and not for the courts of the asylum state. *Cf.* Ex parte Horsley, 460 S.W.2d 906 (Tex.Cr.App.1970).

Appellant further claims the New Mexico indictment is "clearly void" and again advances a double jeopardy argument citing Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and again calls attention to the dismissal order previously discussed.

First, it does not appear that relator was tried upon an indictment but upon another formal accusation. The formal accusation is not shown to be "clearly void" and, if it is void under New Mexico laws as a result of appellant's claim of double jeopardy, then the question is one for the New Mexico courts. See Ex parte Gray, 426 S.W.2d 241 (Tex.Cr.App.1968).

Further, we find no merit, under the circumstances described, to relator's claim that he is "not a fugitive from Justice."

The judgment is affirmed.