**.Ex parte Michael George BUNCH.**

**No. 49800.**

Court of Criminal Appeals of Texas.

March 12, 1975.

Pat A. Robertson, Dallas, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order entered in the 195th District Court of Dallas County remanding appellant for extradition to the State of Washington.

Appellant initially contends that the court erred in remanding him to Washington, since the State failed to prove his identity as being the person named in the Executive Warrant of the Governor of Texas.

The State introduced in evidence the Governor's Warrant, regular on its face, authorizing extradition of Michael George Bunch. It is well established that the introduction of the Governor's Warrant, regular on its face, is sufficient to make out a prima facie case authorizing extradition. Ex parte Burns, Tex.Cr.App., 507 S.W.2d 777; Ex parte Gideon, Tex.Cr.App., 493 S.W.2d 156. The burden then shifts to the accused to overcome proof of every fact which the Governor was obliged to determine before issuing the extradition warrant. Ex parte Gideon, supra; Ex parte Worden, Tex.Cr.App., 502 S.W.2d 803; Ex parte Manzella, Tex.Cr.App., 452 S.W.2d 913; Ex parte Kaufman, 168 Tex. Cr.R. 55, 323 S.W.2d 48.

Since appellant made no issue of identity in the trial court, the contention is without merit. Cf. Ex parte Parker, Tex.Cr.App., 515 S.W.2d 926; Ex parte Smith, Tex.Cr.App., 515 S.W.2d 925.

The first ground of error is overruled.

In his second ground of error, appellant complains of the failure of the trial court to notify him that the transcript was ready to be sent to the Court of Criminal Appeals. In the third ground, complaint is made of the failure of the district clerk to notify appellant by certified mail of the completion of the record. Appellant's reliance upon the provisions of Article 40.09, Vernon's Ann.C.C.P., is misplaced.

Appeals from orders in habeas corpus cases are governed by Article 44.34, V.A. C.C.P. Ex parte Watson, Tex.Cr.App., 455 S.W.2d 300; Ex parte Buel, Tex.Cr. App., 468 S.W.2d 385; Ex parte Starks, Tex.Cr.App., 464 S.W.2d 837; Ex parte Schoen, Tex.Cr.App., 460 S.W.2d 923. Article 44.34 does not provide for notice to appellant of the completion of the record, or that the transcript is ready to be sent to the appellate court.

The second and third grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.