**Ex parte Kenneth L. HENSON.**

**No. 68620.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 15, 1982.

Rehearing Denied Oct. 27, 1982.

Arch C. McColl, III, Dallas, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order entered in a habeas corpus proceeding remanding appellant for extradition to the State of Missouri.

The hearing in the trial court was very brief. The appellant entered his application for writ of habeas corpus into evidence with counsel for the State expressly voicing "no objection." The Governor of Texas' warrant and supporting papers from the demanding state were admitted into evidence over appellant's objection, "we would just stand on our objection as in the Writ of Habeas Corpus, Your Honor." This constituted all of the evidence offered.

At the outset appellant contends that the evidence of his identity as the fugitive demanded is insufficient. The sworn application for writ of habeas corpus recites in paragraph numbered "6" that "Applicant is not the person named in the extradition papers or in the Governor's Warrant." This was sufficient to place identity into issue.

In urging that the State offered no evidence of identity appellant relies on *Ex parte Spencer,* 567 S.W.2d 520 (Tex.Cr.App. 1978). In *Spencer,* as in the instant case, a photograph purporting to be that of the fugitive was included in the supporting papers. In *Spencer,* after noting the presence of the photograph it was stated "there is no statement in the record identifying appellant as the man in the picture or indicating the appellant meets the description of Charles M. Spencer." It was concluded that the evidence was insufficient to show that the applicant was the person wanted in the demanding state.

In the instant case the supporting papers contain a photograph and an affidavit

which recites in paragraph numbered "3" "The said Kenneth Leon Henson, against whom criminal charges have been filed in Scott County Missouri, is one and the same individual as the individual shown in the photograph attached hereto. Said photograph bears a placard indicating 'Sheriff Dallas, Texas 350652' and is signed by the affiant on the back thereof for purposes of identification."

In 93 A.L.R.2d at pp. 933–934, the rule is stated "Photographs of the person charged with crime in the demanding state are generally held admissible on the question of his identity with the person held for extradition in the asylum state." In *Ramos v. Bower*, 198 Colo. 473, 602 P.2d 398 (1979) the Supreme Court of Colorado said:

> "The Court's judgment was based on its finding that the pictures accompanying the extradition documents, authenticated by the California Governor, established the identity of the appellant as the person sought to be extradited. This finding by the court is supported by the record."

It would appear that the panel opinion in *Spencer* was bottomed on the fact that "there is no statement in the record identifying appellant as the man in the picture." While it may have lent clarity to the record for the court at the habeas hearing to make such an express finding, there can be no doubt that same was implicit in its ruling on appellant's application for habeas corpus. Such a finding by the court is not evidence but merely a finding of fact. We find that the evidence is sufficient to establish that appellant is the person sought to be extradited. Insofar as it is in conflict with this holding, *Ex parte Spencer*, supra and *Ex parte Smith*, 515 S.W.2d 925, are overruled.

 Appellant complains that he "was improperly denied timely delivery of a complete set of the copies of the papers supporting the Governor's Warrant."

In appellant's application for writ of habeas corpus paragraph numbered "3" recites "A complete set of the warrant and supporting papers has not been delivered to the applicant or his attorney." It would appear that appellant had seen some if not all the papers since other allegations in the application complain that appellant is not the person named in the Governor's Warrant, nor in any other of the supporting papers. Appellant does not aver what is missing from the papers delivered him nor did he offer any proof in support of such averment. No error is shown.

Appellant contends that the court erred in failing to grant his motion for continuance. The only reference to a request for continuance is contained in appellant's application for writ of habeas corpus. In such application in paragraph numbered "4" it is stated ". . . the Applicant respectfully objects to the conducting of those proceedings at this time and moves for a continuance of this habeas corpus hearing until Item 3 above [heretofore set out in this opinion] has been complied with." No offer of evidence in support of a motion for continuance was made nor was the subject of continuance ever raised at the hearing. No error is shown.

The judgment of the trial court remanding appellant for extradition to Missouri is affirmed.