**Ex parte Elvis Ray BLANKENSHIP, Appellant.**

**No. 05–83–00222–CR.**

Court of Appeals of Texas, Dallas.

May 12, 1983.

George A. Preston, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

VANCE, Justice.

This is an appeal from an order in a habeas corpus proceeding in which the appellant was remanded to custody for extradition to the State of Wisconsin.

At the habeas corpus hearing the State introduced the Executive Warrant of the Governor of Texas, regular on its face, and, in addition, all of the supporting papers. The Governor's Warrant recites: "... ELVIS RAY BLANKENSHIP stands charged by AFFIDAVIT MADE BEFORE A MAGISTRATE AND WARRANT ... with the crime of ATTEMPTED MURDER IN THE FIRST DEGREE..." The appellant offered no evidence.

■ It is well settled that the introduction of the Governor's Warrant, regular on its face, makes out a prima facie case for extradition. *Ex parte Nelson,* 594 S.W.2d 67, 68 (Tex.Cr.App.1979). Once the Governor's warrant is placed in evidence then the burden is placed upon the person named therein to show that the warrant was not legally issued *Ex parte Bunch,* 519 S.W.2d 653, 654 (Tex.Cr.App.1975).

Appellant, in his sole ground of error, contends that the trial court erred in ordering extradition because the State did not properly bring extradition under Tex.Code Crim.Proc.Ann. art. 51.13, § 3 (Vernon 1979). According to section 3 of article 51.13, no demand for extradition shall be recognized by the Governor unless the demand is accompanied by either:

1. copy of an indictment;

2. information supported by affidavit;

3. copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or

4. copy of a judgment of conviction or of a sentence imposed.

■ The supporting papers were introduced into evidence with the Governor's warrant. Not only can supporting papers be used to support a prima facie case but they can also be used to defeat the prima facie case made out by the introduction of the Governor's warrant. *Ex parte Cain,* 592 S.W.2d 359, 362 (Tex.Cr.App.1980) (en banc) (On Rehearing). The supporting papers have been examined. We find that the papers do not contain a copy of an indictment, information or judgment. While the supporting papers do contain an affidavit executed November 18, 1982 made before a magistrate and a warrant, the warrant was not issued in connection with this affidavit. Close examination reveals that the warrant was dated "December 3, 1981 nunc pro tunc April 13, 1981" and refers only to an "Amended Complaint". The amended complaint was executed on April 13, 1981, not before a magistrate, but before the District Attorney. Therefore, since this warrant was not issued upon an affidavit made before a magistrate as required in article 51.13, section 3; we hold that the warrant is insufficient. *Ex parte Rosenthal,* 515 S.W.2d 114, 119 at n. 2 (Tex.Cr.App.1974). The judgment is reversed and the cause remanded.