Theophilus  Deboer
TARLTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-85-0248-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 1, 1985.

Mike DeGeurin, Foreman & DeGeurin, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Don Clemmer, Harris Co. Asst. Dist. Atty., Houston, for appellee.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Louisiana to answer a charge of distribution of marijuana.

An extradition hearing was held on March 28, 1985, wherein the State of Texas offered into evidence the executive warrant of the Governor of Texas and the supporting papers, including an affidavit given before a magistrate and the warrant issued thereon, authorizing the return of appellant to Louisiana.

In his first ground of error, appellant contends that the trial court erred in finding that the evidence was sufficient to prove that the appellant was the same person named in the request for extradition. At the extradition hearing, appellant denied that he was the same person named in the extradition papers.

In response, the State offered into evidence the affidavit of Officer Howard Steward, one of the persons to whom appellant allegedly delivered marijuana. Attached to the affidavit was a photograph which Steward identified as being a true and accurate representation of the appellant. Steward also stated that the Theophilus DeBoer Tarlton described in the complaint and warrant was the same person pictured in the photograph.

Generally, under Tex.Code Crim.P. Ann. art. 51.13, sec. 3 (Vernon 1977), the Uniform Criminal Extradition Act, a copy of an affidavit before a magistrate in the demanding state, together with a copy of any warrant which issued thereupon, will support the presumption of regularity of a Governor's Warrant for extradition. *Ex parte Weiner,* 472 S.W.2d 773 (Tex.Crim. App.1971). The burden then shifts to the accused to overcome proof of every fact which the Governor was obliged to determine before issuing the extradition warrant. *Ex parte Nelson,* 594 S.W.2d 67, 68 (Tex.Crim.App.1979), *citing Ex parte Bunch,* 519 S.W.2d 653, 654 (Tex.Crim.App. 1975).

The U.S. Supreme Court has defined the scope of judicial inquiry in habeas corpus proceedings arising out of extradition request:

> Once the governor [of an asylum state] has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for the extradition; and (d) whether the petitioner is a fugitive.

*Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).

But, if the person sought to be extradited denies that he is the same person named in the extradition papers, he thereby places his identity in issue and shifts the burden to the State to prove that the person held in custody is the same person whose extradition is authorized by the Governor's Warrant. *See Ex parte Nelson, supra.*

When the State then introduces into evidence a photograph of the person sought to be extradited, and there is official certification in the record that identi-

fies the relator as the person in the picture, the State meets this burden. *Ex parte Nelson,* 594 S.W.2d 68; *Ex parte Shoels,* 643 S.W.2d 761 (Tex.App.—San Antonio 1982, no pet.).

 In this case, the State met its burden of showing that the appellant was the same person named in the request for extradition and that there is, accordingly, sufficient evidence to support extradition. The first ground of error is overruled.

In his second ground of error, appellant contends that the identification procedures used by the State of Texas and the State of Louisiana were so impermissibly suggestive that they created a substantial likelihood of misidentification in violation of appellant's rights to due process.

The record reveals that an assistant district attorney for the State of Texas mailed a photograph of appellant to Officer Steward in Calcasieu Parish, Louisiana, and inquired whether the person pictured was the same person described in the complaint from Louisiana.

Appellant argues that this procedure was highly suggestive and unreliable because the photographs were given to the law enforcement officers almost nine months after their encounter with the appellant. Therefore, the appellant argues, the photographs should not have been used to establish the identity of the appellant. We disagree.

We do not find that the identification procedure was highly suggestive, unreliable, or misleading because the record reveals that Officer Steward was personally familiar with the appellant. Extradition hearings are not criminal proceedings in which the guilt or innocence of the accused is determined. *Ex parte McMillan,* 482 S.W.2d 640, 641 (Tex.Crim.App. 1972). The trial court is not governed by the same technical rules as in the case of a trial for the commission of an offense. *Ex parte Martinez,* 530 S.W.2d 578, 582 (Tex. Crim.App.1975); *see generally* 39 Am. Jur.2d, *Habeas Corpus,* sec. 78 (1968); *cf. McDonald v. Burrows,* 731 F.2d 294 (5th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984).

The trial court may liberally construe probative evidence in favor of the demanding State in order to facilitate the procurement of evidence, which is generally, if not necessarily, brought from outside the jurisdiction. *Martinez,* 530 S.W.2d at 581. Thus, the court may consider evidence in extradition hearings which might not be admissible in regular criminal trials. *Id.* We find that the trial court properly admitted the photographs as evidence identifying the appellant.

The judgment of the trial court denying the writ of habeas corpus is affirmed.