**Ex parte Larry Dale SPARKS.**

**No. 2–85–264–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 12, 1986.

Johnson, Johnson & Rothfelder and Rick Bowman, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and David L. Richards, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

OPINION

ASHWORTH, Justice.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Mississippi.

We affirm.

The pertinent facts are not in dispute. Appellant was arrested, granted bond pending hearing on habeas corpus, and then re-arrested on an extradition warrant from the State of Mississippi. Counsel was appointed to represent appellant and presented with uncertified photostatic copies of the documents supporting extradition on October 28, 1985.

A hearing was set for November 1, 1985. On October 31, 1985, appellant filed a Demand for Certified Copies of Extradition Documents. Prior to the hearing on November 1, 1985, appellant requested and was denied a continuance for the purpose of obtaining certified copies. At the hearing, appellant objected to the introduction of the Governor's Warrant and supporting documents on the grounds that he had not been served with certified copies as required by statute. The objection was overruled, and appellant was remanded to the custody of the Tarrant County sheriff for extradition to Mississippi.

In his sole ground of error, appellant contends that the order remanding him for extradition is void because he was not given a duplicate set of extradition documents as required under TEX.CODE CRIM. PROC.ANN. art. 51.13 (Vernon 1979), even though demand for such documents was duly made.

Article 51.13, sec. 3, states in pertinent part:

The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of

**426**

conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney.

A deputy sheriff testified at the extradition hearing that appellant was given *accurate* copies of the Governor's Warrant and supporting documents. Appellant acknowledges the accuracy of the copies, but nevertheless contends that the "shall be in duplicate" language of art. 51.13 is mandatory language necessitating the use of *duplicate originals* or *certified* copies. We disagree.

TEX.REV.CIV.STAT.ANN. art. 3731c (Vernon Supp.1986) provides:

> Any copy or reproduction of a writing or written instrument ... can be used and its use shall be permitted in any judicial or administrative proceeding or trial ... where there is no bona fide dispute as to its being an accurate reproduction of the original.

As previously noted, appellant does not dispute the accuracy of the copies he was presented, nor has he been able to show harm arising from a lack of certification. Appellant's attorney at all times had access to the certified copies in the possession of the sheriff's department and the proof showed that the copies appellant was given were photocopies of certified copies. Whatever difference there may once have been between a "duplicate" and a "copy" has lost its significance due to the widespread use of photocopiers in today's business world.

The prosecutor substantially complied with art. 51.13, sec. 3, and substantial compliance is all that is required. *See Ex Parte Thompson,* 171 Tex.Cr.R. 509, 351 S.W.2d 890, 891 (1961). Accordingly, we overrule appellant's ground of error and affirm the order of the trial court.

Order affirmed.

