Ex parte James BLANTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–120 CR.

Court of Appeals of Texas,
Beaumont.

June 29, 1988.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty. and R.W. Fisher, Asst. Criminal Dist. Atty., Beaumont; for appellee.

## OPINION

BROOKSHIRE, Justice.

This is an appeal from the denial of an application for the Writ of Habeas Corpus. Appellant filed the application for the writ seeking to avoid extradition to the State of Florida.

At the hearing the State introduced a warrant for the arrest of Appellant which was issued by the Governor of Texas on February 5, 1988. The governor's warrant is regular on its face. The State then rested. Appellant testified that he never received a copy of the governor's warrant or any supporting documents. He also testified that he was not in Florida on July 20, 1987, the date Appellant's counsel stated as the date the alleged offense was committed. Appellant stated that he left Florida on July 19, 1987.

By his first point of error Appellant urges that "[r]eversible error occurred in that Appellant did not receive copies of the documents purporting to authorize the extradition." Appellant raised this issue in the trial court and there is nothing in the record to show he ever received copies of the warrant or supporting documents. The

accused in extradition proceedings has the right to receive copies of papers which support the extradition. *TEX.CODE CRIM. PROC.ANN. art. 51.13(3)* (Vernon 1979); *Ex Parte Naggles*, 482 S.W.2d 878, 880 (Tex.Crim.App.1972). Appellant argues that the statutory provision is mandatory and that failure of the State to deliver such documents to Appellant was reversible error. It has been held that this provision of article 51.13(3) is directory and becomes mandatory only upon request by the accused for such documents. *Ex Parte Naggles, supra,* at 880. Since there is no such request by Appellant in the record, this point of error is overruled.

By his second and final point of error, Appellant urges that the documents introduced by the State were insufficient to support the governor's warrant and extradition. Appellant argues that the record shows that the basis of the extradition was the governor's warrant, a photograph, and two affidavits by individuals stating that the photograph "is a true and correct photograph of [appellant]," and that Appellant was "in Hillsborough County, Florida on or about the 20th day of July, 1987." These affidavits were executed on February 19, 1988, after the governor's warrant issued.

Appellant relies upon *Ex Parte Blankenship*, 651 S.W.2d 430 (Tex.App.—Dallas 1983, pet. ref'd) for the proposition that supporting papers may be used to defeat the State's prima facie case made out by introduction of a governor's warrant. Appellant argues that since the affidavits the State placed in evidence were executed after the governor's warrant issued, they cannot be considered as a sufficient basis for issuance of the warrant. In *Blankenship, supra,* the affidavit in question accompanied the demand for extradition from the demanding State and were shown to have been, necessarily, the basis upon which the Governor of Texas issued his warrant. The affidavit in *Blankenship* was not executed before a magistrate and, therefore, the Court held that the warrant issued upon such affidavit was insufficient to support extradition. *See Blankenship, supra,* at 431.

In our case the affidavits stating that Appellant was in the demanding State on July 20, 1987 were not introduced as being the basis upon which the Governor of Texas issued his warrant. These affidavits were only introduced after Appellant testified he was not in Florida on July 20, 1987. The State obviously introduced the affidavits to rebut Appellant's testimony. The governor's warrant in this case does not indicate that it was issued in reliance upon these affidavits. In *Blankenship*, the governor's warrant was based upon the affidavit and warrant in issue. *Blankenship, supra,* at 431. Therefore, we find that *Blankenship* is not authority in this case.

 The State established its prima facie case by introducing the governor's warrant. *Ex Parte Sutton*, 455 S.W.2d 274 (Tex.Crim.App.1970). It then became Appellant's burden to prove that he was not in the demanding State at the time the offense was committed. *Id.* at 276. Appellant's testimony, standing alone, was insufficient to rebut the presumption that the Governor of Texas properly issued his warrant. *Ex Parte Jackson*, 470 S.W.2d 679, 682 (Tex.Crim.App.1971). Since the affidavits were not shown to be the basis for the issuance of the warrant, we hold that they could not defeat this presumption either, where no documents were introduced which were purported to be the basis for the warrant. We must presume that the warrant was issued upon a proper basis absent a showing as to what the warrant was actually based upon. Appellant's second point of error is overruled and the order of the trial court denying the writ of habeas corpus is affirmed.

AFFIRMED.