IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-590-CR




EX PARTE: LAWRENCE MILLER,



 APPELLANT



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0924975, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order of the district court, rendered following a hearing
on appellant's writ of habeas corpus, remanding appellant to custody for extradition to Ohio. 
Tex. R. App. P. 44.

 In his only point of error, appellant argues that the extradition order is invalid
because he was not given a duplicate copy of the papers supporting extradition as required by the
extradition statute. Tex. Code Crim. Proc. Ann. art. 51.13, § 3 (West 1979). The statute
provides that "all such copies of the aforesaid instruments shall be in duplicate, one complete set
of such instruments to be delivered to the defendant or to his attorney." Appellant concedes that
he received copies of the extradition papers. He contends, however, that the statute was not
satisfied because the copies he received were not certified. Counsel for appellant demanded
certified copies of the documents in a letter to the governor. (1)

 The failure to provide the defendant or his attorney a copy of the extradition papers
upon demand is reversible error. Ex parte Sanchez, 605 S.W.2d 289 (Tex. Crim. App. 1980);
Ex parte Holmes, 397 S.W.2d 458 (Tex. Crim. App. 1966); Ex parte Tucker, 324 S.W.2d 853
(Tex. Crim. App. 1959). But both the statute and the reported opinions state only that the
defendant is to receive a "duplicate" copy. See Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim.
App. 1980); Ex parte Kronhaus, 410 S.W.2d 442, 444 (Tex. Crim. App. 1967). Article 51.13,
section 3 does not use the term "certified copy," and appellant does not refer this Court to any
authority holding that a certified copy is required by the statute.

 Appellant's complaint really appears to be that the extradition papers he received
were not originals with the various seals attached. Appellant offers no argument or authority,
however, to support the conclusion that the photocopies he received were not "duplicates" within
the meaning of the statute. See Ex parte Sparks, 703 S.W.2d 425 (Tex. App.--Fort Worth 1986,
no pet.).

 The State tendered the original extradition papers to appellant at the hearing below. 
Thereafter, appellant declined the district court's offer of a recess or continuance to give him time
to study them. Appellant does not contend that the original papers differed in any substantive way
from the copies he had previously received. Under the circumstances, any noncompliance with
the statute was waived. Ex parte Naggles, 482 S.W.2d 878 (Tex. Crim. App. 1972); Ex parte
Wiggins, 435 S.W.2d 517 (Tex. Crim. App. 1968).

 The point of error is overruled. The order of the district court is affirmed. 


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: January 20, 1993

[Do Not Publish]
1. Appellant does not suggest by whom the copies were to be certified.