11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In re Kevin B. Winslett

No. 
11-03-00004-CR B
Appeal from Taylor County

 

This is an appeal pursuant to TEX.R.APP.P. 31
from the trial court=s
denial of appellant=s
petition for writ of habeas corpus.  We
affirm.

On appeal, appellant contends that the
evidence at the hearing on his petition failed to show he was the same person
named in the Governor=s
Warrant.  When appellant placed his
identity in issue at the hearing on his petition, the burden shifted to the
State to establish that appellant (the person in custody) was the same person
named in the Florida extradition papers. 
Ex parte Nelson, 594 S.W.2d 67 (Tex.Cr.App.1979); Tarlton v. State, 695
S.W.2d 357 (Tex.App. - Houston [1st Dist.] 1985, no writ); Ex parte Shoels, 643
S.W.2d 761 (Tex.App. - San Antonio 1982, no writ).  

Taylor County Sheriff=s Deputy Brenda Bufkin testified that she was
a classification officer and a fugitive coordinator.  Deputy Bufkin stated that appellant was Abooked into jail@ for failure to provided identification, for
evading arrest with a vehicle, for unauthorized use of a vehicle, and for being
a fugitive from justice in the State of Florida.  At the time of his booking, appellant said that his name was
Kevin Bradley Winslett and that his address was 24 Lee Road, No. 421, Opelika,
Alabama.  Appellant further stated that
he was 5 foot 5 inches and that he weighed 135 pounds.  Prior to the booking, an officer had
determined that appellant=s date of birth was December 23, 1971. 
Deputy Bufkin testified that all of this information was identical with
the information on the Governor=s Warrant except for the weight which was listed as 137 pounds.  

The State sufficiently established that appellant
was the person named in the Governor=s Warrant.  The trial court did
not abuse its discretion by denying the petition.  The point of error is overruled.








The order of the trial court is affirmed.

 

PER CURIAM

 

February 20, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.