2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





EX PARTE:

CLYDE MILLER WALLACE, JR.




§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00352-CR



Appeal from the


244th District Court


of Ector County, Texas 


(TC# W2524-C)


O P I N I O N


 Clyde Miller Wallace, Jr. appeals an order denying his application for writ of
habeas corpus, stemming from an extradition proceeding. We affirm.

Summary of the Evidence

 Wallace was arrested in Ector County, Texas, pursuant to a fugitive warrant from
the State of Louisiana. He was released after posting a $50,000 bond on the day of his
arrest. On May 31, 2002, the State of Louisiana executed a governor's warrant, based
upon an April 3, 2001 indictment for misappropriation of livestock and equipment. Texas
Governor Rick Perry issued a governor's warrant on June 7, 2002 to find and extradite
"Miller Wallace aka Clyde Miller Wallace, Jr." Wallace surrendered himself to the
authorities of the State of Texas on June 17, 2002. On June 19, 2002, he submitted his
application for writ of habeas corpus. The writ was ultimately denied.

The scope of review in extradition proceedings

 The role of the judicial and executive branches of government are dictated by the
Uniform Criminal Extradition Act. Tex. Code Crim. Proc. Ann. art. 51.13 (Vernon
1979, Supp. 2003); La. Code Crim. Proc. Ann. arts. 261 to 280. The United States
Supreme Court has held that once the governor of an asylum state has granted extradition,
a court reviewing the governor's warrant may only consider whether (1) the extradition
documents on their face are in order, (2) the petitioner has been charged with a crime in
the demanding state, (3) the petitioner is the person named in the request for extradition,
and (4) the petitioner is a fugitive. Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530,
535, 58 L.Ed.2d 521, 527 (1978). Our review of the matter in this appeal will be limited
to addressing the complaints of the petitioner within this purview.

Judicial consideration of governor's warrant is sufficient

 Wallace's first point of error is that the trial court erred in ordering extradition
because the prosecution failed to introduce the warrant from the Governor of the State of
Texas into evidence. He contends that the State, therefore, failed to establish a prima
facie case for extradition and urges that the presumption must be that the governor's
warrant did not authorize extradition. We disagree. In an extradition proceeding, a
warrant from the governor of an asylum state which appears regular on its face is
sufficient to make out a prima facie case authorizing the extradition of the person named
therein. Ex parte Kronhaus, 410 S.W.2d 442, 443 (Tex. Crim. App. 1967); Ex parte
Davis, 873 S.W.2d 711, 711-12 (Tex. App.--Fort Worth 1994, no pet.). Here, the District
Attorney Pro Tem asked the trial court to take judicial notice of the file on the cause
number, specifically the indictment issued by the State of Louisiana. After hearing
defense objections based on authentication and hearsay, the judge declared, "I am going
to deny that motion and I will take judicial notice of the entire packet from the Governor
of the State of Texas-of Louisiana." Immediately prior to the ruling from the bench, the
District Attorney verified that he was seeking judicial notice of the entire file. This entire
file included the warrant from Governor Perry, governor of the asylum state.

 Moreover, during the hearing, the trial court stated, "If I understand the
proceedings, we have to actually serve this form on Mr. Wallace showing that we've got
the Governor's warrant from the Governor of the State of Texas." The record then notes
"Governor's warrant served." Thus, the warrant was before the trial court and was
considered prior to the entry of its order denying the writ of habeas corpus and remanding
Wallace to custody for extradition. Even had the Texas governor's warrant been neither
formally introduced nor admitted into evidence, when the governor's warrant appears
regular on its face and is included in the record on appeal, and the court and parties treat
the warrant as if it had been admitted, the judgment of the trial court should be affirmed. 
Ex parte Reagan, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977) (overruling Ex parte
Hagler, 278 S.W.2d 143 (Tex. Crim. App. 1955)); see also Fuller v. State, 30 S.W.3d
441, 445 (Tex. App.--Texarkana 2000, pet. ref'd). The warrant appears regular on its
face. Wallace's first point of error is overruled.

Wallace was properly named and identified

 Wallace's second point of error urges that the trial court erred in considering the
fingerprints of Wallace taken in open court as sufficient evidence that he was the identical
person sought for extradition by the State of Louisiana.

 As discussed above, the warrant was properly considered by the trial court. 
Because of this, the State is considered to have made its prima facie case. The burden
then shifts to the accused who must overcome the facts that the governor was obliged to
determine before the extradition warrant was issued. Van Hobbs v. State, 801 S.W.2d
198, 199 (Tex. App.--Houston [14th Dist.] 1990, no pet.) (citing Ex parte Nelson, 594
S.W.2d 67, 68 (Tex. Crim. App. 1979); Ex parte Bunch, 519 S.W.2d 653, 654 (Tex.
Crim. App. 1975)). An accused can show that he is not the person charged by the
requesting state by challenging the identity of the person named in the warrant. Id. (citing
Ex parte Scarbrough, 604 S.W.2d 170, 174 (Tex. Crim. App. 1980)). Once identity is
placed in issue, the burden shifts to the demanding state to show that the person being
held for extradition is the identical person named in the warrant. Id. (citing Ex parte
Martinez, 530 S.W.2d 578, 579 (Tex. Crim. App. 1975)).

 Appellant launches a number of challenges to identifying evidence. Noting that
the bill of indictment from Louisiana charges "Miller Wallace," Wallace relies on Ex
parte Smith, 515 S.W.2d 925, 926 (Tex. Crim. App. 1974) overruled by Ex parte Henson,
639 S.W.2d 700 (Tex. Crim. App. 1982), for the contention that if the accused is being
held under a different name than is specified in the warrant from the governor, there is a
total lack of evidence of identity and extradition will not be upheld. We note, however,
that the warrant from the Governor of the State of Texas listed the man sought as "Miller
Wallace aka Clyde Miller Wallace, Jr." The difference between the names here is not like
the situation in Smith, where the defendant was one Richard B. Smith while documents
sought extradition of a Larry W. White. Moreover, Wallace never unequivocally claimed
he was not the person sought. The judge inquired, "You are telling the Court this is not
Clyde Miller Wallace, Jr. that's indicted in Louisiana." Counsel for Wallace replied,
"Not the one established in a clear and convincing fashion required by the law for
purposes of extradition." This is not the strong denial that has been held sufficient by
other courts to put the matter of identity in issue. See Ex parte Meador, 597 S.W.2d 372
(Tex. Crim. App. 1980). Finally, the State put on sufficient evidence to satisfy its burden
that petitioner in this case is the man named in the governor's warrant, even if the
foregoing exchange was sufficient to shift the burden back to the State on the matter of
identity.

 Prints of Wallace's right and left thumbs were taken in the courtroom on the day of
the hearing by Sergeant Paul Chenot of the Ector County Sheriff's Office. Sergeant
Chenot also knew Wallace by sight. Those prints were compared to a set of prints
provided by the State of Louisiana. The two sets of prints matched. When Sergeant
Chenot was taken on voir dire by counsel for the defense, it was suggested that the set of
prints provided by Louisiana were actually taken locally when Wallace was originally
arrested on November 20, 2000. Sergeant Chenot could not deny this, and had no
personal knowledge of the collection of the fingerprints. The date on the print sheet
supports that the prints were taken on November 20, 2000. This argument, however, does
not satisfy the burden of putting the identity of Wallace in issue, a burden that is on the
defendant after a prima facie case has been established.

 Additionally, along with the prints is a photograph of Wallace and an affidavit
from the complainant in Louisiana identifying the man in the photograph as the man that
wrote a bad check to Stanley Brother's Livestock. See generally, Ex parte Henson, 639
S.W.2d 700. This information was in the file when the trial judge took judicial notice of
its contents. Sergeant Chenot also identified Wallace in court.

 Accordingly the point of error on appeal is overruled.

Probable cause is a question for the demanding state

 Third, Wallace contends that the trial court erred in considering the documentation
supplied by the demanding State of Louisiana as sufficient evidence that a judicial
determination had been made that probable cause existed that appellant Wallace was the
identical person charged with a crime in the demanding State of Louisiana, when the
prosecution failed to introduce into evidence a valid executive warrant of the Governor of
Texas identifying him. The actual target of this point of error is difficult to discern from
the argument. Where the argument complains of a failure to introduce the governor's
warrant or prove identity sufficiently, the points are addressed above. Where the
argument attacks probable cause, we are without authority to make any further
determination.

 The governor's warrant is accompanied by an indictment in Louisiana. The
indictment reveals that a court of Louisiana found probable cause for charging Wallace
with the crime alleged, and was considered by the Governors of Louisiana and Texas
prior to the issuance of the warrants. All documents were in the file and were considered
by the trial court below. Any further determination of probable cause exceeds the limits
of our review under Doran. Lott v. State, 864 S.W.2d 152 (Tex. App.--Houston [14th
Dist.] 1993, pet. ref'd, untimely filed). The third point of error is overruled.

Motion for continuance properly denied

 Wallace's fourth point of error on appeal claims the trial court erred in denying his
motion for continuance. The continuance was necessary, Wallace explains, because the
State failed to comply with his discovery request for all documents supporting extradition,
including a copy of the executive warrant of the Texas Governor. The District Attorney
Pro Tem confirms that when Wallace requested the documents, he faxed all the
supporting documents to Wallace's counsel, but that did not include a copy of the
governor's warrant. The governor's warrant was signed June 7, 2002, but not filed until
July 9, 2002. The documents from Louisiana, along with a letter from the Office of the
Governor of the State of Texas were filed with the Ector County District Clerk on June
20, 2002. The letter specifically states that, "At the direction of Governor Rick Perry, I
am enclosing the governor's extradition warrant and related papers in the case . . . ." 
Most telling in this matter is an exchange between defense counsel and the trial judge:

 THE COURT: Well, let me ask you, Mr. Dobbs, I guess when we got the--I
guess what I am concerned about is you came to court on the 19th of June
and asked me to continue the bond--the fugitive bond based on the
Governor's warrant.

 On June 19th, you were not aware that there was a Governor's
warrant when we set the bond and by agreement on that amount?


 MR. DOBBS: Well, I was not aware that the Governor's warrant existed. I
was aware of these proceedings. I had never seen--


 THE COURT: Well, I guess what I am asking you is, I am sitting here with
a Governor's warrant in my hand on June 19th, and you are here wanting--and your client is in jail based on that Governor's warrant and I agree to set
a bond for $50,000 based on that Governor's warrant, and now you come
back here three weeks later and say there's no Governor's warrant?


 MR. DOBBS: No, sir. I am just saying I didn't receive a copy of it, that's
all.


 THE COURT: Did you ever look in the file?


 MR. DOBBS: I did not.


 THE COURT: Did you ever ask me for a copy or the sheriff that had Mr.
Wallace in custody?


 MR. DOBBS: No, I did not ask the sheriff or the Court.


Apparently from the application for writ of habeas corpus, however, Wallace actually
surrendered himself on the warrant from Louisiana. The judge's comments suggest that
the warrant from the Governor of Texas was available, as does the filing date of July 9.

 We review a trial court's denial of a motion for continuance under an abuse of
discretion standard. Vasquez v. State, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002) (citing
Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)). To establish an abuse of
discretion, the defendant must actually show that he was prejudiced by the denial of his
motion. Id. We agree that Wallace was entitled to all the documents, including the
governor's warrant. Ex parte Naggles, 482 S.W.2d 878, 880 (Tex. Crim. App. 1972). 
We cannot agree, however, that he has shown that he was prejudiced by the refusal to
grant a continuance. All supporting documents were available to Wallace, including a
letter stating that the Governor of Texas intended to respect Louisiana's request. All of
these documents were on file for "two or three weeks" prior to the date of the hearing. 
Wallace gives us no explanation as to how he was prejudiced by the denial of a
continuance or how he would have structured his defense differently. Accordingly, our
review of the matter finds no abuse of discretion on the part of the trial judge in this
matter. The fourth point of error is overruled.


Conclusion

 For the foregoing reasons, the judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

June 5, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)