Opinion of November 18, 2004, Withdrawn, Affirmed and Corrected
Memorandum Opinion filed December 16, 2004









Opinion of November 18, 2004, Withdrawn, Affirmed and Corrected Memorandum Opinion filed December 16,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00680-CR

____________

 

EX PARTE JIMMY
WAYNE SIDES

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 04CR0171

 



 

C O R R E C T E D   M E M O R A N D U M   O P I N I O N

Appellant, Jimmy Wayne Sides, appeals from
the denial of his application for writ of habeas corpus.  Appellant raises one issue, claiming the
Governor=s Warrant was
defective.  We affirm.[1]








Appellant was arrested at his home in
Dickinson, Texas in January 2004, on a warrant from the State of
Mississippi.  Appellant refused to waive
extradition.  After the governor=s warrant from the
State of Mississippi was received, appellant filed an application for writ of
habeas corpus, claiming that the governor=s warrant was
defective.  The trial court held a
hearing  and denied the application.  The trial judge filed findings of fact and
conclusions of law supporting the denial of relief.

In his sole issue, appellant complains
that the governor=s warrant is defective because the
requesting state did not include the proper affidavits, warrants, complaints or
indictments.  Appellant first notes that
the governor=s warrant includes an affidavit from a
Texas peace officer alleging that appellant was arrested on a Mississippi
charge of sale of cocaine.  Appellant
complains that this alleged charge is inconsistent with the charge for which
appellant was arrested.  Appellant
further notes that the governor=s warrant alleges
that appellant was in the custody of the ADickensville
Police Department, Dickensville, Texas.@  Finally, appellant contends the Governor=s Warrant includes
a bench warrant for the alleged sale of diazepam, but includes no supporting
affidavits, indictments or other charging instruments to support the bench
warrant charge.  

Article IV, Section 2 of the United States
Constitution establishes the basis for extradition of fugitives between states:


A Person charged in any State with
Treason, Felony, or other Crime, who shall flee from Justice, and be found in
another State, shall on Demand of the executive Authority of the State from
which he fled, be delivered up, to be removed to the State having Jurisdiction
of the Crime.  

 

U.S. Const. art. IV, ' 2.








When a court in the asylum state reviews
the legality of an arrest under a governor's warrant, the court may consider
only the following four questions.  (1)
Are the extradition documents valid on their face?  (2) Did the demanding state charge petitioner
with a crime?  (3) Is the petitioner the
person named in the request for extradition? 
(4) Is the petitioner a fugitive? 
Michigan v. Doran, 439 U.S. 282, 289 (1978)  A governor's warrant that is regular on its
face establishes a prima facie case for extradition.  See Ex parte Scarbrough, 604 S.W.2d
170, 174 (Tex. Crim. App.1980).  Once a
prima facie case for extradition has been shown by the introduction of the
Governor's Warrant, the burden Ashifts to the
accused to overcome proof of every fact which the Governor was obliged to
determine before issuing the extradition warrant.@  Ex parte Nelson, 594 S.W.2d 67, 68
(Tex. Crim. App.1979)(quoting Ex parte Bunch, 519 S.W.2d 653, 654 (Tex.
Crim. App. 1975)).

The Uniform Criminal Extradition Act
requires a demand, made in writing, that alleges the accused was present in the
demanding state at the time of the commission of the alleged offense, and
thereafter fled the state.  Tex. Code Crim. Proc. Ann. art. 51.13, ' 3 (Vernon Supp.
2004).  This demand must be accompanied
by a copy of the indictment, substantially charging the person demanded with
having committed a crime under the laws of that state, and the indictment must
be authenticated by the Executive Authority making the demand.  Id.

The governor=s warrant in this
case contains a written demand meeting the requirements of the Uniform
Act.  It alleges appellant was charged
with a crime in Mississippi, that appellant was in Mississippi at the time the
offense occurred, and that appellant thereafter fled the state of
Mississippi.  This demand is accompanied
by a certified copy of an indictment charging appellant with the offense of
obtaining a controlled substance by misrepresentation, fraud, deception, or
subterfuge.  The documents are
authenticated by the Governor of Mississippi. 
Having received the documents from the Governor of Mississippi, the
Governor of Texas issued a warrant for the arrest of appellant on May 6,
2004.  Appellant does not complain that
the warrant issued by the Governor of Texas is invalid.  Nonetheless, this warrant is signed by the
Governor of Texas, is under the Seal of the State, is directed to all sheriffs
and other peace officers of the State of Texas, and recites the facts necessary
to the validity of its issuance.








The trial court=s findings of fact
and conclusions of law note that the governor=s warrant and
supporting documents are properly authenticated and are in order on their face,
that appellant was substantially charged with a crime in the demanding state,
and that appellant is the same person named in the governor=s warrant and
sought by the demanding state.  The trial
court also found that any minor irregularities in the documentation were
insufficient to affect the validity of the governor=s warrant.

Because the demand and indictment meet the
requirements of the Uniform Act, we find the alleged defects raised by
appellant do not affect the validity of the request for extradition.  Accordingly, we find no error by the trial
court.  We overrule appellant=s sole point of
error.  

The trial court=s order, denying
appellant=s application for habeas relief, is
affirmed.

 

PER CURIAM

 

Judgment
rendered and Corrected Memorandum Opinion filed December 16, 2004.

Panel consists
of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  To correct the
style of the case, we withdraw our opinion of November 18, 2004, and issue this
corrected opinion.