Ex parte Eugene K. NELSON.

No. 62294.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 12, 1979.

Rehearing Denied March 5, 1980.

Robert H. Ozer, court appointed, San Antonio, for appellant.

Bill M. White, Dist. Atty., Wayne Campbell and Donald E. Barnhill, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

ODOM, Judge.

This is an appeal from an order remanding appellant to custody for extradition to the State of Illinois.

At the extradition hearing, the State introduced in evidence the Governor's Warrant, regular on its face, authorizing extradition of appellant.

"It is well established that the introduction of the Governor's Warrant, regu-

lar on its face, is sufficient to make out a prima facie case authorizing extradition. [citations omitted.] The burden then shifts to the accused to overcome proof of every fact which the Governor was obliged to determine before issuing the extradition warrant. [citations omitted.]" *Ex parte Bunch*, 519 S.W.2d 653 (Tex.Cr.App.).

Initially, appellant contends the trial court erred in ruling that the evidence was sufficient to show he was the same person named in the extradition papers. He argues that his sworn statement that he was not the person named in the extradition papers was sufficient to rebut the presumption of identity created by introduction of the Governor's Warrant, regular on its face. He claims the burden of proving that appellant was the same person named in the warrant shifted to the State once identity was placed in issue, and that there is no evidence in the record to meet this burden. We disagree on the basis of what the record shows.

■ Appellant has correctly set forth the law applicable to the facts of this case. It is true that the issue of identity was raised by the filing of his affidavit denying under oath that he is the same Eugene K. Nelson named in the extradition papers. *Ex parte Spencer*, 567 S.W.2d 520, 522 n. 1 (Tex.Cr. App.); *Ex parte Vidauri*, 525 S.W.2d 163, 163 (Tex.Cr.App.). The burden was then upon the demanding state to show that the person taken into custody and held for extradition is the identical person named in the Governor's Warrant. *Ex parte Spencer*, supra.

■ In the instant case, the State met the burden placed upon it. At the extradition hearing, Assistant District Attorney Wayne Campbell took the witness stand and stated he had requested photos from the Cook County Sheriff's office of the Eugene K. Nelson wanted on the murder charge. Campbell identified and introduced into evidence two copies of a photograph, certified by the Records Division of the City of Chicago, which he received in response to his request. In his "Order to Relinquish Custody of Defendant" the trial court noted the introduction of the photograph and found as a matter of fact that appellant is the same Eugene K. Nelson sought by the State of Illinois to face murder charges.

We hold that the photograph and the trial court's consequent finding were sufficient to show appellant is the same person named in the Governor's Warrant. In *Ex parte Spencer*, supra, we intimated our approval of the procedure, or one very similar, used by the State in the instant case. See also *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App.); *Ex parte Vidauri*, supra. The first ground of error is overruled.

■ In another ground of error, appellant complains that the trial court erred in not informing appellant of the crime charged pursuant to Art. 51.13, Sec. 10, V.A.C.C.P. That section of the statute provides for a mandatory appearance of the person in custody before a trial court, "who shall inform him . . . of the crime with which he is charged, . . . " This mandatory appearance is separate and distinct from a hearing on a writ of habeas corpus, which is optional in nature and must be specifically requested by the person taken into custody. Art. 51.13, Sec. 10, V.A.C. C.P. In the present case, no record of the hearing on mandatory appearance has been included in the record on appeal. Accordingly, nothing is presented for review. *Rivera v. State*, 581 S.W.2d 161, 163. Furthermore, it appears from the habeas corpus hearing that appellant was aware of the charges against him. The ground of error is overruled.

The remaining ground of error is that error was committed in denying without a hearing bail pending appeal of the denial of appellant's habeas corpus petition. In view of our disposition of the appeal, this contention is moot.

The judgment is affirmed and appellant is remanded to custody for extradition to the State of Illinois.

Before the court en banc.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

The appellant claims that our original opinion was mistaken in stating that two photographs were introduced in evidence. We have read the parts of the transcript to which the appellant points. Despite his argument, it is clear to us that the trial court overruled his objections to the admission of the photographs. Then the State asked the court "to consider the description [of the appellant] along with the photo." The appellant asked, "Has that been admitted?" The trial court replied, "No, sir," and made remarks to the effect that "it" had not been offered. Our understanding of this passage is that it was the "description," not the photographs, which were excluded from evidence. The trial court's order expressly states that the State introduced a photograph. The panel's opinion was correct, and the evidence of identity was sufficient.

■ The appellant now raises, for the first time, two constitutional claims. The first is that the application of Illinois' murder statute would constitute an ex post facto law. This claim evidently is based on one of the supporting papers which is attached to the governor's warrant, in which the State's Attorney of Cook County, Illinois, set out the text of the murder statute. That instrument concludes, "Amended by P.A. 77–2638, Par. 1, eff. Jan. 1, 1973." The offense in question was alleged to have occurred on or about July 29, 1972. But a 1973 amendment to part of the statute does not mean that every application of the statute is an ex post facto law. In fact, Public Act 77–2638 amended only the penalty provision of the murder statute; the substantive offense was not affected. See 1972 Illinois Laws 1717, 1719 (P.A. 77–2638, section 1). The papers "substantially charge the person demanded with having committed a crime under the law of that State," as required by V.A.C.C.P., Article 51.13, Section 3. The citation to a change in the penalty provisions does not show an ex post facto application of the law.

■ The second constitutional claim is that the Illinois "statute which forms the basis of this charge has been ruled unconstitutional" in *People ex rel. Rice v. Cunningham*, 61 Ill.2d 353, 336 N.E.2d 1 (1975). The claim is simply wrong. That opinion held that a related statute, which established procedures for assessing the death penalty, was unconstitutional. The respondents were held to be liable to terms of imprisonment for murder. The statute defining murder was not affected. There is no showing that the statute which the appellant is alleged to have violated is unconstitutional.

■ Finally, the appellant reurges his contention that the trial court erred in denying bail without a hearing. He argues that the issue is not moot, for his argument applies to other persons similarly situated.

We agree that the trial court could not have found that this was a capital case where the proof was evident. It was error to deny bail without a hearing. See *Ex parte Quinn*, 549 S.W.2d 198 (Tex.Cr.1977); V.A.C.C.P., Article 44.35. But this failure does not call for reversal. *Ex parte Quinn*, supra. No relief accrues to the appellant.*

The motion for rehearing is denied.

---

* It will be noticed that this is an appeal. The appellant did not invoke this Court's original powers to order the trial court to hold a hearing or to set reasonable bail.