Ex parte Samuel K. SHOELS, Appellant.

No. 04–82–00176–CR.

Court of Appeals of Texas, San Antonio.

Oct. 20, 1982.

C. David Evans, San Antonio, for appellant.

Bill White, Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before CLARK, CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an extradition case which comes to us as an expedited appeal from an order entered in the 175th District Court of Bexar County denying appellant's application for Writ of Habeas Corpus and remanding appellant to the State of Colorado to answer charges of burglary and theft. Appellant now presents four (4) grounds of error allegedly committed in the trial court below. We affirm.

In his first ground of error, appellant contends the trial court erred in remanding him to Colorado, claiming that the State failed to prove he is the identical person named in the Executive Warrant of the Governor of Texas. A *prima facie* case for extradition is established by the introduction of the Governor's Warrant regular on its face. *Ex parte Robbins,* 575 S.W.2d 27, 28 (Tex.Cr.App.1978); *Ex parte Martinez,* 530 S.W.2d 578, 579 (Tex.Cr.App. 1975). When identity is placed in issue, the burden shifts to the State to show that the person held in custody for extradition is the identical person named in the Governor's Warrant. *Ex parte Nelson,* 594 S.W.2d 67, 68 (Tex.Cr.App.1979); *Ex parte Martinez, supra* at 579. Finally, identity need not be proven beyond a reasonable doubt, and the strict common law rules of evidence need not be applied to extradition hearings since the defendant is not on trial for commission of a crime. *Ex parte Martinez, supra* at 582.

In the instant case, the State made out a *prima facie* case for extradition when it introduced the Governor's Warrant in evidence. In his application for Writ of Habeas Corpus appellant denied under oath being the same person named in the extradition papers, thereby putting identity in

issue and shifting the burden to the State.[1] *Ex parte Parker,* 515 S.W.2d 926, 927 (Tex. Cr.App.1974). Appellant contends the State failed to meet its burden on the identity issue. We do not agree.

In its Exhibit 2, the State introduced an affidavit of Probable Cause for Arrest Warrant executed by Michael Schultz, a police officer in Aurora, Colorado. Officer Schultz stated in the affidavit that expert opinion revealed that the same person who signed two of appellant's driver's licenses also signed a number of the checks stolen in the Colorado burglary. Further, Officer Schultz stated that the Federal Bureau of Investigation had found appellant's fingerprints on one of these checks. The State also introduced, in its Exhibit 4, another affidavit executed by Officer Schultz with a photograph attached to it. Officer Schultz stated in the affidavit that he had interviewed Samuel Keith Shoels in connection with Arapahoe District Court Case No. 81–CR–505 and that the attached photograph was of Samuel Keith Shoels. We hold the evidence introduced at the extradition hearing, including the photograph of the burglary suspect forwarded from Colorado, was sufficient to meet the State's burden of demonstrating that appellant was the person named in the extradition papers. *Ex parte Nelson, supra* at 68; *Ex parte Viduari,* 525 S.W.2d 163 (Tex.Cr.App.1975). Ground of error one is overruled.

By his second ground of error appellant maintains he was deprived of due process of law and a fair trial guaranteed him under the Constitutions of the United States and Texas. Appellant claims the trial court took an active role in the prosecution of the case when it granted, *sua sponte,* a continuance to allow the State to meet the legal requirements for admission of certain evidence.

On February 25, 1982, the trial court began its hearing on the extradition of appellant. The State attempted to introduce into evidence a photograph and set of fingerprints alleged to be those of appellant. Appellant objected to this evidence as being hearsay and a violation of the Extradition Act, Tex.Code Crim.Pro.Ann. art. 51.13 (Vernon 1979). The trial court sustained the objection, and after a discussion of the relevant case law, granted a continuance on its own motion. At the hearing on April 1, 1982,[2] the State introduced its Exhibit 4, the affidavit of Officer Schultz with the photograph of appellant attached thereto.

The trial court is allowed wide discretion in granting a continuance and is authorized to do so in habeas corpus proceedings under article 11.31 of the Texas Code of Criminal Procedure. The Court of Criminal Appeals has said that "... the universal holding of this court [is] that in habeas corpus matters we are not governed by ordinary rules or forms of trial." *Ex parte Ponzi,* 106 Tex. Cr.R. 58, 290 S.W. 170, 173 (1926). The court in *Ponzi* relied on this "universal holding" to rule that it was not error in an extradition case for the trial court to permit statutes of another state to be introduced into evidence after both parties had closed. *Id.* 290 S.W. at 173.

We find no provisions in the Extradition Act which limit the discretion of a trial court to grant continuances. In an extradition case similar to the one now before us, it was held not to be error for the trial court to allow the State an extension of time to correct a defective acknowledgment on supporting papers sent from the demanding state. *Ex parte Dumas,* 487 S.W.2d 753 (Tex.Cr.App.1972). Similarly, in

1. Appellant contends that identity was further placed in issue by testimony of witnesses who stated that appellant was not in Colorado on the date of the offense with which he was charged. Testimony that appellant was not in the demanding state on the date of the offense is a defense to the offense itself and will not operate to defeat extradition. *Ex parte Foss,* 492 S.W.2d 552, 553 (Tex.Cr.App.1973); *Ex*

*parte Sutton,* 455 S.W.2d 274, 277 (Tex.Cr.App. 1970).

2. The trial court initially set March 4, 1982, as the date to which the hearing would be continued. The hearing was reset to April 1, 1982, however, because appellant was shot while out on bail and was unable to attend the March hearing.

*Ex parte Baker*, 465 S.W.2d 379 (Tex.Cr. App.1971), the court held that the trial court did not err when it allowed the State to re-open and introduce necessary evidence after both parties had rested and submitted briefs.

We have reviewed the entire record and find no indication of due process violations nor denial of a fair and impartial trial, nor do we find any abuse of discretion by the trial court. We hold that the trial court did not err in granting a continuance. Appellant's second ground of error is therefore overruled.

■ Appellant maintains by his third ground of error that the trial court erred in refusing to grant appellant's motion to dismiss at the conclusion of the February 25, 1982, hearing. Appellant claims the State had not met its burden on the identity issue at the February hearing and that the provisions of article 11.15 of the Code of Criminal Procedure, therefore required his release.

Article 11.15 of the Code of Criminal Procedure provides:

> The Writ of Habeas Corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.

Tex.Code Crim.Pro.Ann. art. 11.15 (Vernon 1977). Contrary to appellant's claim, article 11.15 does not mandate that the trial court immediately rule on a habeas corpus petition. Rather, article 11.15 requires the court to issue the writ without delay once the petition is received by the court. The court below did so.

The trial court's duty to act upon a writ of habeas corpus once it has been issued, returned, and examined, is governed by article 11.44 of the Code of Criminal Procedure.[3] Article 11.44 does not require the court to grant or deny relief "without de-lay," and to read the statute as requiring such immediate action conflicts with the discretion allowed the trial court in granting continuances. *See* Tex.Code Crim.Pro. Ann. art. 11.31 (Vernon 1977). The trial court did not violate article 11.15 when it refused to grant appellant's motion to dismiss. Consequently, appellant's ground of error three is overruled.

In his final ground of error, appellant claims he was placed in double jeopardy, in violation of the Constitutions of the United States and Texas, when the trial court granted a continuance at the conclusion of the February 25, 1982, hearing. Appellant maintains that the continuance allowed the State an additional opportunity to prove up the essential element of identity, thereby subjecting appellant to multiple determinations of the State's allegations.

■ Appellant misconstrues the scope of the double jeopardy clause. The constitutional doctrine of double jeopardy is founded upon the premise that no man is to be brought into jeopardy for his life more than once for the same offense. *Porier v. State*, 591 S.W.2d 482, 483 (Tex.Cr.App. 1979). In a jury trial, a person is placed in legal jeopardy when he is put upon trial in a court of competent jurisdiction and the jury has been empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455 (Tex.Cr.App.1979). The double jeopardy clause thus operates to prohibit multiple punishments and multiple prosecutions by a single sovereign for a single offense. *McClendon v. State*, 583 S.W.2d 777, 779 (Tex.Cr.App.1979).

■ In the instant case appellant has yet to be placed in legal jeopardy. The question of appellant's guilt or innocence of the Colorado charge was not an issue to be determined in the extradition proceedings. *Ex parte McMillan*, 482 S.W.2d 640 (Tex.Cr.

---

3. Article 11.44 provides,

   The judge or court, after having examined the return and all documents attached, and heard the testimony offered on both sides, shall, according to the facts and circumstanc-es of the case, proceed either to remand the party into custody, admit him to bail or discharge him; provided, that no defendant shall be discharged after indictment without bail.

App.1972). Appellant cannot be placed in jeopardy in a Texas court for the Colorado offense since only the Colorado courts are courts of competent jurisdiction to try appellant for the offense with which he is charged. Appellant's claim is without merit. Accordingly, ground of error four is overruled.

We affirm the action of the trial court in remanding appellant to the custody of the Sheriff of Bexar County for extradition to the State of Colorado.