**Frank VAN HOBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–560–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 21, 1990.

James Randall Smith, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal challenging the denial of appellant's writ of habeas corpus. In one point of error, appellant argues that the evidence adduced at the hearing on the writ was insufficient to establish that he was the same person named in a governor's warrant issued by the State of Virginia. We affirm.

Appellant filed an application for writ of habeas corpus in the district court seeking relief from a governor's warrant demanding his extradition to Virginia to answer to the felony charge of bigamy. Following a hearing on the matter, the trial court denied the writ. In his sole point of error, appellant asserts that the State failed to meet its burden of proof on the issue of identity. Specifically, appellant argues that the documents forwarded to the Harris County Sheriff's Department, containing a photograph and fingerprints of Frank Van Hobbs taken when he was arrested in Virginia in 1987, were never tied to the Frank Van Hobbs named in the governor's warrant. We decline to review the evidence as we find that appellant never placed his identity in issue.

■ When introduced into evidence, a governor's warrant creates a prima facie case authorizing extradition of the person named in the warrant. *Ex Parte Scarbrough*, 604 S.W.2d 170, 174 (Tex.Crim.App. 1980). The burden then shifts to the ac-

cused who must overcome the facts that the Governor was obliged to determine before the extradition warrant was issued. *Ex Parte Nelson*, 594 S.W.2d 67, 68 (Tex. Crim.App.1979); *Ex Parte Bunch*, 519 S.W.2d 653, 654 (Tex.Crim.App.1975). An accused can show he is not the person charged in the demanding state by challenging the identity of the person named in the warrant. *Ex Parte Scarbrough*, 604 S.W.2d at 174. Once identity is placed in issue, the burden shifts back to the demanding state to show that the person being held for extradition is the identical person named in the warrant. *Ex Parte Martinez*, 530 S.W.2d 578, 579 (Tex.Crim. App.1975).

■ An affidavit by the petitioner is sufficient to place identity in issue. *Ex Parte Meador*, 597 S.W.2d 372, 373 (Tex. Crim.App.1980). Appellant contends that the following paragraph contained in his application for writ of habeas corpus was sufficient to challenge the identity of the Frank Van Hobbs named in the Virginia warrant:

> The Petitioner is not the same Frank Van Hobbs named in the extradition papers by virtue of which the Petitioner is held in custody.

However, this was not an affidavit signed by appellant. The application was attested to as follows:

> I have read the allegations and statement contained in the foregoing Application for Writ of Habeas Corpus and swear that this set of allegations and statements are true and correct to the best of my knowledge.
>
> /s/ JAMES RANDALL SMITH
> Attorney for Petitioner

■ Appellant has not denied under oath that he was not the person named in the warrant. "Absent such a sworn denial, the burden is on the appellant to show that he was not the person named in the warrant." *Ex Parte Connelly*, 479 S.W.2d 943, 944 (Tex.Crim.App.1972). *See also Ex Parte Clubb*, 447 S.W.2d 185, 186–87 (Tex.Crim. App.1969). We hold that an affidavit sworn to solely by the petitioner's attorney

is insufficient to place the petitioner's identity in issue. Also, appellant's attorney does not swear the facts alleged are within his knowledge and are true and correct, but only that they are "to the best of his knowledge." Appellant's failure to raise identity in the trial court precludes review on appeal. *Ex Parte Scarbrough*, 604 S.W.2d at 175; *Ex Parte Bunch*, 519 S.W.2d at 654.

We affirm the judgment and remand appellant to custody for extradition to the State of Virginia.