**Ex parte Floyd SMITH.**

No. 04–00–00292–CR.

Court of Appeals of Texas, San Antonio.

Feb. 7, 2001.

From the 379th Judicial District Court, Bexar County, Texas, Trial Court No. 2000–W–0169, Honorable Bert Richardson, Judge Presiding.[1]

Jimmy Parks, Phillips & Parks, San Antonio, for Appellant.

Michael P. Miklas, III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Floyd Smith appeals the trial court's order denying his application for writ of habeas corpus and granting an order of extradition. In two points of error, Smith complains that the evidence is legally and factually insufficient to support his extradition because he was not identified as the person sought by the demanding state.[2] We overrule both points of error and affirm the trial court's judgment.

■ In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements required to be proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In a factual sufficiency review, we must consider all of the evidence to determine whether the judgment is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim.App.1996).

■ The introduction of a Governor's Warrant, regular on its face, establishes a prima facie case authorizing extradition of the person named in the warrant. *Ex parte Lebron,* 937 S.W.2d 590, 593 (Tex. App.—San Antonio 1996, pet. ref'd); *Van Hobbs v. State,* 801 S.W.2d 198, 199 (Tex. App.—Houston [14th Dist.] 1990, no pet.). "An accused can show he is not the person charged in the demanding state by challenging the identity of the person named in the warrant." *Van Hobbs,* 801 S.W.2d at 199. "Once identity is placed in issue, the burden shifts back to the demanding state to show that the person being held for extradition is the identical person named in the warrant." *Id.*

■ At the hearing on Smith's habeas application, the State introduced the Governor's Warrant. Attached to the warrant is a picture of Smith and a set of fingerprints taken in Wisconsin, the state requesting the extradition. Smith was also fingerprinted in Bexar County. An employee in the extradition section of the Bexar County Sheriff's Department testified that Smith was the individual in the photograph. In addition, a fingerprint classifier with the Bexar County Sheriff's

---

1. The Honorable Andrew W. Carruthers presided over the hearing on the habeas application.

2. In briefing his second point of error challenging the factual sufficiency of the evidence to support his extradition, Smith also asserts "that the jury's finding that he intentionally and knowingly tampered with or fabricated physical evidence is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust." Because this assertion bears no relation to the underlying cause, we assume that the statement was erroneously included in the brief, and we do not address this assertion in resolving Smith's second point of error.

Department compared the two sets of fingerprints and testified at the hearing that the two sets of fingerprints were identical. The evidence is legally and factually sufficient to support the trial court's finding that Smith was the person sought by the demanding state. Smith's points of error are overruled, and the trial court's order is affirmed.