

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-085-CR

EX PARTE HEATHER DAWN GRADY

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Heather Dawn Grady appeals the trial court's denial of her application for writ of habeas corpus, in which she seeks to avoid extradition to Arkansas. We affirm.

On February 26, 2009, acting on an Arkansas extradition request, Texas issued a governor's warrant for the arrest and extradition of "Heather Dawn Grady aka Heather D. Grady aka Heather Grady" to stand trial in Arkansas on 106 charges, including theft and identity fraud. The extradition request

---

[1] *See* Tex. R. App. P. 47.4.

includes the fugitive's mug shot, fingerprints, and physical description and a probable-cause affidavit executed by an Arkansas circuit court judge. The extradition request also identifies the fugitive as "Heather (Grady) Domilise." Appellant, who was apparently arrested sometime earlier and held in the Parker County jail, filed an application for writ of habeas corpus to challenge her extradition, arguing that "there is not probable cause to believe that she committed a crime in the demanding State or is one and the same person the subject of the requisition and warrant of the demanding State."

At the hearing on Appellant's application, Appellant asserted that her true name is Heather Dawn Grady Domilise. Weatherford Police Officer Beth Turnbow testified that she had eighteen years' training and experience in the comparison of fingerprints and that she had testified before the trial court many times. She compared the fingerprint card in the Arkansas extradition request with prints she had taken from Appellant that morning and testified that both sets of prints were made by the same person. Turnbow also testified that Appellant is the person depicted in the photograph in the extradition request.

The trial court denied Appellant's habeas application. Appellant filed this appeal, and we ordered the case submitted without briefs. *See* Tex. R. App. P. 31.1.

In *Michigan v. Doran*, the United States Supreme Court held that only four issues may be raised by application for writ of habeas corpus to defeat extradition: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the same person named in the request for extradition; and (4) whether the petitioner is a fugitive. 439 U.S. 282, 289, 99 S. Ct. 530, 535 (1978). Appellant raises only the third issue, identity.

An accused person facing extradition can show she is not the person charged in the demanding state by challenging the identity of the person named in the warrant. *Ex parte Scarbrough*, 604 S.W.2d 170, 174 (Tex. Crim. App. 1980). Once identity is placed in issue, the burden shifts back to the demanding state to show that the person being held for extradition is the identical person named in the warrant. *Ex parte Martinez*, 530 S.W.2d 578, 579 (Tex. Crim. App. 1975). Identity need not be shown beyond a reasonable doubt. *Ex parte Shoels*, 643 S.W.2d 761, 762 (Tex. App.—San Antonio 1982, no pet.). Photographic evidence is sufficient to establish identity, *Ex parte Nelson*, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979), as is fingerprint evidence. *Ex parte Smith*, 36 S.W.3d 927, 928–29 (Tex. App.—San Antonio 2001, no pet.).

In this case, the State presented both photographic and fingerprint evidence to show that Appellant is the same person named in the Arkansas extradition request. Further, the trial court was able to compare for itself Appellant's physical appearance at the hearing to the photograph and physical description in the extradition papers. We therefore hold that the evidence is sufficient to establish Appellant's identity as the fugitive named in the extradition request.

Appellant's allegation in her application that there is "not probable cause to believe she committed a crime in the demanding State" will not support a writ of habeas corpus. When a judicial officer in a demanding state has found probable cause to arrest, the asylum state may not review that finding because it is clothed with the traditional presumption of regularity. *See Hunter v. State*, 697 S.W.2d 854, 855 (Tex. App—Corpus Christi 1985, no pet.) (citing *Doran*, 439 U.S. at 290, 99 S. Ct. at 536 (holding that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause exists, no further judicial inquiry may be had on that issue in the asylum state)); *see also Ex parte Helber*, No. 05-95-00810-CR, 1995 WL 605415, at *4 (Tex. App.—Dallas Oct.13, 1995, pet. ref'd, untimely filed) (per curiam) (not designated for publication) (holding order finding probable cause and instructing district clerk to issue an

4

arrest warrant satisfies the requirement of a judicial determination of probable cause to arrest, which is the reason for the requirement of an arrest warrant in cases where the charging instrument is an affidavit before a magistrate from the demanding state). The extradition request contains the affidavit of an Arkansas circuit court judge, averring, "I find that there is sufficient probable cause to support the charges filed against the said Heather (Grady) Domilise in the Circuit Court of Cross County, Arkansas, First Judicial District." Thus, we may not review Appellant's probable-cause allegation, and it cannot support a writ of habeas corpus.

We affirm the trial court's denial of Appellant's application for writ of habeas corpus.

PER CURIAM

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2009

5