



## MEMORANDUM OPINION

No. 04-10-00640-CR

**EX PARTE** Andrew **RODRIGUEZ**

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2010W0206
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 22, 2010

AFFIRMED

Andrew Rodriguez appeals the trial court's order denying his application for writ of habeas corpus and granting an order of extradition.  Rodriguez contends the rendition papers from the demanding state failed to comply with the statutory requisites and the State failed to prove that he was the individual named in the governor's warrant.  We affirm the trial court's order.

The introduction of a governor's warrant, regular on its face, establishes a prima facie case authorizing extradition of the person named in the warrant.  *Ex parte Lekavich*, 145 S.W.3d 699, 701 (Tex. App.—Fort Worth 2004, no pet.); *Ex parte Smith*, 36 S.W.3d 927, 928 (Tex. App.—San Antonio 2001, no pet.).  In the instant case, Rodriguez does not dispute that a

governor's warrant, regular on its face, was introduced into evidence by the State as State's Exhibit No. 1. Once a governor's warrant has been admitted into evidence, it is the petitioner's burden to demonstrate it was not legally issued, it is not based on proper authority, or its recitals are inadequate. *Ex parte Lekavich*, 145 S.W.3d at 701.

In his first point of error, Rodriguez contends that the governor's demand "merely asserts that the fugitive 'violated the terms of his probation.' It does not contain a recital that the fugitive had been found by a judicial authority to have 'violated the terms of his probation.'" Under the circumstances of this case, the governor's demand is only required to state that the person "has broken the terms of his . . . probation." TEX. CODE CRIM. PROC. ANN. art. 51.13 § 3 (West 2006). Moreover, the prima facie case established by the governor's warrant can be bolstered by the supporting papers introduced as evidence. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980). In this case, the supporting papers included an Order of the Court Vacating Stay of Imposition of Sentence signed by a trial judge in the demanding state. The order stated, "It appears from the foregoing that the defendant has violated the terms and conditions of said probation." The order then annuls the stay of imposition of the sentence Rodriguez was previously granted and orders Rodriguez's arrest. In view of the foregoing, Rodriguez's first point of error is overruled.

In his second point of error, Rodriguez asserts that the State failed to prove his identity as the person named in the governor's warrant. Once an accused places identity in issue, the burden shifts back to the demanding state to show that the person being held for extradition is the identical person named in the warrant. *Ex parte Smith*, 36 S.W.3d at 928. Identity need not be shown beyond a reasonable doubt. *Ex parte Shoels*, 643 S.W.2d 761, 762 (Tex. App.—San Antonio 1982, no pet.). Photographic evidence is sufficient to establish identity, *Ex parte*

*Nelson*, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979), as is fingerprint evidence. *Ex parte Smith*, 36 S.W.3d at 928–29. In this case, the supporting papers included Rodriguez's photograph, description, and fingerprints. An employee of the Bexar County Sheriff's Office of Judicial Services Extraditions testified that the fingerprints in the supporting documents were compared to Rodriguez's fingerprints when he was brought into the Bexar County jail. Moreover, the trial court reviewed the photographs and stated, "I find that the defendant is depicted in photographs contained on page 13 of State's Exhibit No. 1." Accordingly, the evidence was sufficient to identify Rodriguez as the person named in the governor's warrant, and Rodriguez's second point of error is overruled.

The trial court's order is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH