

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00526-CR

**EX PARTE** Gregory **JONES**

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2014W0238
Honorable Andrew Carruthers, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: October 29, 2014

AFFIRMED

Appellant, Gregory Jones, appeals the trial court's order denying his application for writ of habeas corpus and granting an order of extradition. In two issues on appeal, appellant asserts (1) the rendition papers from the demanding state failed to comply with the statutory requisites, and (2) the State failed to prove that appellant was the person named in the request for extradition. We affirm.

## BACKGROUND

The state of Michigan filed a complaint against appellant for failing to pay child support. Upon demand from the Governor of Michigan, the Governor of Texas issued a governor's warrant, ordering Texas law enforcement officials to arrest appellant and deliver him into the custody of Michigan authorities. Seeking to avoid extradition, appellant filed an application for writ of habeas

corpus.  The trial court held a hearing on the writ.  During the hearing, the State proffered the governor's warrant and the request for extradition along with supporting documentation. Appellant argued the governor's warrant and request for extradition were not valid on their face and were insufficient to establish that he is the person named in the request for extradition. Following the hearing, the trial court denied the requested relief.  This appeal followed.

## STANDARD OF REVIEW

We review a trial court's ruling on a writ of habeas corpus for an abuse of discretion.  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  In conducting this review, we view the facts in the light most favorable to the trial court's ruling.  *Id*.

## DISCUSSION

Our review of the denial of habeas corpus relief in an extradition proceeding is limited to the following issues: (1) whether the extradition documents on their face are in order; (2) whether the appellant has been charged with a crime in the demanding state; (3) whether the appellant is the person named in the request for extradition; and (4) whether the appellant is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289 (1978); *Ex parte Lopez*, 988 S.W.2d 788, 789 (Tex. App.— San Antonio 1999, no pet.).

In his first issue, appellant challenges whether the extradition documents are valid on their face.  He contends the extradition request failed to comply with the statutory requirements of the Uniform Criminal Extradition Act, which provides as follows:

> No demand for the extradition of a person charged with [a] crime in another State shall be recognized by the Governor unless in writing . . . and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the

magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand . . . .

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3 (West Supp. 2014).

We disagree with appellant. Here, the demand was accompanied by a warrant supported by an affidavit. The Governor of Michigan issued a demand, in writing, requesting that appellant be apprehended, secured, and delivered to Michigan authorities. The governor's demand stated that copies of the complaint, warrant, affidavit, and other supporting documents were certified "as authenticated under Michigan law." The demand included an affidavit from Special Agent Gordon Malaniak, Special Agent for the Child Support Division, Michigan Department of Attorney General. Special Agent Malaniak's affidavit stated that appellant was ordered to pay child support by the Circuit Court of Wayne County, Michigan, in the amount of $626.40 per month, Circuit Court file number 1999917695. The affidavit further stated that appellant has failed to pay the court-ordered child support, which has resulted in arrearages of $30,145.82. Additionally, the demand included a copy of the complaint filed against appellant, as well as the warrant authorizing appellant's arrest for failing to pay child support. Accordingly, we conclude the extradition documents are valid on their face, and the requisites of the Uniform Criminal Extradition Act have been met.

In his second issue, appellant asserts the State failed to prove his identity as the person named in the request for extradition.

A governor's warrant that is regular on its face establishes a prima facie case for extradition. *Ex parte Smith*, 36 S.W.3d 927, 928 (Tex. App.—San Antonio 2001, no pet.). After a prima facie case for extradition has been made, the burden shifts to the accused to rebut the prima facie case. *See Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980). An accused can

show he is not the person charged in the demanding state by challenging the identity of the person named in the warrant. *Ex parte Scarbrough*, 604 S.W.2d 170, 174 (Tex. Crim. App. 1980). Once the issue of identity has been raised, the burden shifts back to the demanding state to show that the person being held for extradition is the person named in the warrant. *Ex parte Smith*, 36 S.W.3d at 928. Identity need not be shown beyond a reasonable doubt, and the strict common law rules of evidence need not be applied because the accused is not on trial for commission of a crime. *Ex parte Martinez*, 530 S.W.2d 578, 580–82 (Tex. Crim. App. 1975); *Ex parte Schoels*, 643 S.W.2d 761, 762 (Tex. App.—San Antonio 1982, no pet.). Photographic evidence is sufficient to establish identity. *Ex parte Nelson*, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979).

Appellant contends the State failed to prove he was the person named in the request for extradition because the documents did not contain his fingerprints or an "authentic mug-shot." Although appellant's fingerprints were not submitted, the extradition request included a description of the person sought to be extradited, including height, weight, hair color, eye color, race, sex, and date of birth. Also included among the extradition documents was a photograph of the person alleged to have committed the offense. The photograph was attached to Special Agent Malaniak's sworn affidavit, stating that the photograph was a true and accurate picture of Gregory Jones. From the record before us, it appears the trial court was able to compare the photograph and physical description included in the extradition papers to appellant's own physical characteristics. As noted above, the strict common law rules of evidence do not apply in an extradition hearing and identity need not be proven beyond a reasonable doubt. *See Ex parte Martinez*, 530 S.W.2d at 580–82; *Ex parte Schoels*, 643 S.W.2d at 762. Accordingly, we conclude the evidence introduced by the State, including the photograph and physical description, was sufficient to meet the State's burden of demonstrating that appellant is the person named in request for extradition and related documents.

## CONCLUSION

For the reasons stated above, we overrule appellant's issues on appeal and affirm the trial court's judgment denying habeas corpus relief.

Sandee Bryan Marion, Justice

Do not publish