

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00512-CR

**EX PARTE** Antwaun Deon **ROBINSON**

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2014W0146
Honorable Andrew Carruthers, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  December 10, 2014

AFFIRMED

Appellant Antwaun Deon Robinson appeals the trial court's order denying his application for writ of habeas corpus and granting an order of extradition to Alabama.  On appeal, Robinson raises two points of error, contending the trial court erred in denying his application and granting extradition because: (1) the rendition papers from Alabama, the demanding state, did not comply with the requirements of the Uniform Criminal Extradition Act; and (2) the State of Texas, the asylum state, failed to provide sufficient evidence to prove Robinson is the individual named in the extradition papers.  We affirm the trial court's order.

### BACKGROUND

The record establishes Robinson was convicted in Alabama of the offense of theft and, pursuant to a plea agreement, placed on probation.  The State of Alabama claimed Robinson

violated the terms of his probation and took refuge in Texas. Thereafter, the State of Alabama issued a warrant for Robinson's arrest, alleging "property crimes/probation violation" and sought to have Robinson extradited from Texas to Alabama. Robinson opposed extradition. Upon demand from the Governor of Alabama, the Governor of Texas issued a governor's warrant, ordering Texas law enforcement officials to arrest Robinson and deliver him to the sheriff's department in Coffee County, Alabama. After he was served with a copy of the governor's warrant, Robinson filed an application for writ of habeas corpus, contesting extradition.

The trial court held a hearing on Robinson's application. At the hearing, the State offered, and the trial court admitted into evidence, State's Exhibit 1, which included the governor's warrant and the State of Alabama's request for extradition with supporting documentation. The trial court also admitted into evidence, at the State's request, State's Exhibit 2, a copy of Robinson's Texas driver's license with accompanying identifying information. Robinson argued the governor's warrant and request for extradition were not valid and were insufficient to establish Robinson is the person named in the request for extradition. At the conclusion of the hearing, the trial court denied Robinson's requested relief, ordering his extradition to Alabama. Robinson then perfected this appeal.

**ANALYSIS**

As noted above, Robinson raises two complaints on appeal. First, he claims the extradition documents are invalid, arguing the documents fail to comply with the statutory requirements of the Uniform Criminal Extradition Act. At the extradition hearing, Robinson also attempted to challenge the documents because there was a difference in case or cause numbers on certain documents. Second, Robinson contends the State failed to prove he is the individual named in extradition documents.

### *Standard of Review*

We review a trial court's ruling on a writ of habeas corpus for an abuse of discretion.  *Ex parte Rodriguez*, 378 S.W.3d 486, 489 (Tex. App.—San Antonio 2012, pet. ref'd) (citing *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006)).  In conducting our review, we view the evidence in the light most favorable to the trial court's ruling.  *Id.*

### *Application*

The only manner to test the legality of a governor's extradition warrant is by filing an application for writ of habeas corpus.  *Ex parte Walker*, 350 S.W.3d 417, 419 (Tex. App.—Eastland 2011, pet. ref'd) (citing *Ex parte Chapman*, 601 S.W.2d 380, 382–83 (Tex. Crim. App. 1980)); *see* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 10(a) (West Supp. 2014).  The United States Supreme Court has placed limitations on the function of asylum state courts in extradition proceedings.  *See, e.g., Cal. v. Super. Ct. of Cal.*, 482 U.S. 400, 408 (1987); *Michigan v. Doran*, 439 U.S. 282, 289 (1978).  Specifically, the asylum court — the Texas courts in this case —may review only whether: (1) the extradition documents are facially accurate; (2) the appellant has been charged with a crime in the demanding state; (3) the appellant is the person named in the extradition request; and (4) whether the appellant is a fugitive.  *See Doran*, 439 U.S. at 289; *Walker*, 350 S.W.3d at 419–20; *Ex parte Lopez*, 988 S.W.2d 788, 789 (Tex. App.—San Antonio 1999, no pet.).

Robinson first contends the extradition documents failed to comply with the statutory requirements of section 3 of the Uniform Criminal Extradition Act.  He begins by arguing the extradition documents are insufficient because they failed to include "fingerprints of the individual that the demanding state was seeking to have extradited from Texas" and "there was no 'mug shot' of the individual attached to the supporting documents that purported to identify the photo as one

of the individual that was sought by the demanding state." Section 3 of the Uniform Criminal Extradition Act states, in pertinent part:

> No demand for the extradition of a person charged with [a] crime in another State shall be recognized by the Governor unless in writing . . . and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand[.]

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3. A review of the statute establishes Robinson's argument is in error with regard to the need for fingerprints or an official mugshot. The statute requires neither fingerprint evidence nor a mugshot to support an extradition. In this case, the State introduced, and the trial court admitted into evidence without objection, State's Exhibits 1 and 2. State's Exhibit 1 included: (1) the Texas governor's warrant; (2) the request for extradition signed by the Alabama governor; (3) an application for extradition from Coffee County, Alabama; (4) a warrant for Robinson's arrest for violation of the terms of his probation, which was imposed after Robinson was convicted of theft; (5) a report by Robinson's probation officer detailing the probation violations; (6) a copy of the order of probation; (7) a copy of the indictment, indicting Robinson for the offense of theft; (8) the judgment of conviction and sentencing order; (9) the "settlement agreement" between Robinson and the State of Alabama; and (10) a copy of the Alabama driver's license of Antwaun Deon Robinson, with identifying information and photograph. The Alabama documents were supported by a certification prepared and sworn to by the clerk of Coffee County, Alabama. State's Exhibit 2 was a copy of the Texas driver's license of Antwaun Deon Robinson, with identifying information and a photograph. Based on our review

of the statute, we hold these documents are sufficient to comply with article 51.13, section 3, i.e., the Uniform Criminal Extradition Act, and to support the trial court's determination that the requirements were met.

Appellant also alleges the photograph on Robinson's Alabama driver's license cannot be tied to the rest of the supporting Alabama documents because it does not have the same identifying number as the judgment and other documents relating to his conviction. And thus, according to Robinson, the documents cannot be linked to him. However, the number on the driver's license photograph is a police case number referencing Robinson's arrest. It is obvious the case number given to him by the police was issued pursuant to the numbering system used by the Alabama police. This number is different from the legal cause number given to the matter involving Robinson once the matter entered the court system.[1] A review of the court documents concerning Robinson's case establishes all of the court documents share the same cause number — only the police case number is different. This difference between the number assigned by law enforcement versus the number assigned by the Alabama court system does not suggest Robinson is not the person sought for extradition or that the extradition documents are facially invalid. Thus, we hold the trial court did not abuse its discretion in determining the extradition documents were in compliance with article 51.13, section 3 and sufficient to support extradition.

In his second point of error, Robinson asserts the State failed to prove he is the individual named in the governor's warrant and Alabama's request for extradition. Robinson contends the driver's license information of two people with the same name is insufficient evidence of identity. Robinson again points to the absence of fingerprints cards or an official mugshot, arguing the

---

[1] The court cause number is CC-2013-63; the police case number is 7100DC201200080000.

absence is fatal to the State's attempt to establish he is the person named in the extradition documents. We disagree.

An accused can challenge the identity of the individual named in a governor's warrant. *Ex parte Smith*, 36 S.W.3d 927, 928 (Tex. App.—San Antonio 2001, no pet.). Once identity is in issue — and it is undisputed that Robinson placed identity in issue in this case — the burden shifts to the demanding state to prove the correct individual is being held for extradition. *Ex parte Smith*, 36 S.W.3d at 928. Identity need not be shown beyond a reasonable doubt, and strict compliance with the common rules of evidence is unnecessary because the accused is not on trial for the commission of a crime. *Ex parte Martinez*, 530 S.W.2d 578, 580–82 (Tex. Crim. App. 1975); *Ex parte Schoels*, 643 S.W.2d 761, 762 (Tex. App.—San Antonio 1982, no pet.). Photographic evidence is sufficient to establish identity in an extradition proceeding. *Ex parte Nelson*, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979).

As stated above, the demanding State of Alabama included in its demand packet a copy of Robinson's Alabama driver's license, containing his photograph and other identifying information. The Coffee County, Alabama clerk certified the document was a true copy. The asylum State of Texas introduced into evidence a copy of Robinson's Texas driver's license, containing his photograph and other identifying information. The names on the driver's licenses are unique and identical. Moreover, by comparing Robinson's physical appearance when he appeared in court, the trial court had sufficient information to conclude Robinson was the person named in the governor's warrant — and the same individual identified in the Alabama request for extradition and supporting documents. The record establishes the trial court was able to compare the photographs and the physical descriptions to those of the individual before him. Accordingly, we conclude the evidence was sufficient for the trial court to conclude the State met its burden of

demonstrating Robinson is the individual named in the governor's warrant and the Alabama demand.

## CONCLUSION

Based on the foregoing, we overrule Robinson's points of error and hold the trial court did not abuse its discretion in ordering the extradition. Accordingly, we affirm the trial court's order.

Marialyn Barnard, Justice

Do Not Publish