81,552

Disrtict Clerk,Karen Matkin
P.O.Box 2451
Waco,Texas 76703

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 1 1 2015

Abel Acosta, Clerk

In re:Filing of Mandamus Application
In re:Terry Glenn Harris
Cause NO.2010-544-C1A

To the clerk of the court:

Enclosed please find the Relator's application of Writ of Mandamus to the above

styled and numbered cause,pending in this court.

Please file this application to the court's docket to be executed at the call

earliest convenience and at the time of which the court's time may allow.

Notice;This copy of the application of Writ of Mandamus has been transmitted

to the Court of Criminal Appeals.

Thank you for attention to this matter.

Sincerely,

Terry Glenn Harris,1664009
1400 FM 3452,Powledge Unit
Palestine,Texas 75803

Executed on this __4__ day of __MAY__ ,2015.

Court of Criminal Appeals
P.O.Box 12308,Capitol Station
Austin,Texas78711


In Re: Filing of Mandamus Application
In Re:Terry Glenn Harris


To the clerk of the Court:

Enclosed please find the Application for Writ for Mandamus of Relator herein

named Terry Glenn Harris.

Relator is requesting that you file this at your earliest convenience and be-

fitting of the court's docket.

Relator request that this mandamus be executed at the court's convenience and

notify the relator of the date of filing to court's docket.

Relator is expecting the clerk to notify him of any delays that might affect

the speedy effectuation of this application and any other matters that delay

its determination of the court. Thank you for attention to this matter.


Date: May 4 ,2015.                    Sincerely,

                                      Terry Glenn Harris,#1664009
                                      1400 FM 3452,Powledge Unit.
                                      Palestine,Texas75803

Terry Harris
1400 FM 3452
L.C.Powledge Unit
Palestine,Tx.75803


To: Karen Matkin
District Clerk
P.O.Box 2451
Waco,Tx.76703


To the Clerk of the Court:

On or about Febuary 16,2015 a family member of mine hand delivered
an application of the Habeas Corpus Article 11.07 of the Code of
Criminal Procedure to this Honorable Court to the District Clerk
of the 19th district of McLennan County.
Since that aforementioned date,petitioner has not received word on
the filing date or any response as per the code of criminal procedure provides
to the petitioner and habeas courts.
A family member has contatcted the court clerk and relayed to the petitioner
the response of the clerk as allegedly,the court has not budge on it,but it
was filed on the 20th of the month of March,2015.
Petitioner needs and requires the date to be specific and request the clerk to
relay that date to the petitioner at the address below.
As of the date, it has been fifty-two days since the filing on the 16th,if not
that date,then it has been forty-nine days since the filing of the application
which requires the court to address the issues presented to the court for the
dispostion of the claims presented.
Petitioner's rooted deeply in the rights of prisoners and the Texas Constitu-
tions Article 1§12. Petitioners rights will be violated absent the court's
decision to the petitioners application to vindicate the rights deprivated at
trial and humbly request the clerk to file and notify the petitioner of the
date of such filing of the petitioner's application of Habeas Corpus pursuant
to Art.11.07
Thank you for your time to this inquiry and attention to this matter.
Sincerly,

Terry Harris,petitioner pro-se
Executed on this— 8'" DAYof April,2015.

Page 1 of 1

CAUSE NO. 2010-544-ClA

| IN RE | IN THE 19th JUDICIAL |
| TERRY GLENN HARRIS | DISTRICT COURT |
| | FOR McLENNAN COUNTY,TEXAS |

A.        PETITIONER'S APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now,Terry Glenn Harris,RELATOR in the above styled and numbered cause ,pursuant to the Code of Criminal Procedure in Chapter 11, and brings this APPLICATION FOR WRIT OF MANDAMUS and would show the following:

I.

B.RELATOR

TERRY GLENN HARRIS,TDCJ#1664009,is the relator in the above styled and numbered cause who submitted his petition,application, and memorandum at law to the District clerk of McLennan County,Texas.namely KAREN MATKIN, to be filed with the court to determine the appropriate remedy at law,pursuant to Chapter 11 of the Code of Criminal Porcedure (CCP) on the 16th of JUNE 2005 attested as true the day of delivery by family member.

Relator has exhausted his remedies  to the above styled cause and has no other means or adequate remedy at law; the act sought is ministerial to be done;the act sought is compelled by law and not discretionary in nature.

Febuary 16,2015; Relator placed his Habeas Petition,Memorandum at law, and Application for Habeas Corpus,pursuant to Chapter 11 of the CCP in the prison mail system to his family;His family made copies of the items.

Relator's Appl.-1
In Re Harris
2010-544-ClA

Relator's Family made copies of the aforementioned items,hand de- delivered the primary copy to the DISTRICT CLERK KAREN MATKIN of the McLennan County,Texas 19th JUDICIAL DISTRICT COURT for filing of the Habeas Petition;family members sent the Relator TWO(2) copies of the items for future reference.

After multiple weeks of waiting for the response to the habeas petition Relator had his family member to call the court,speaking to the RESPONDENT, KAREN MATKIN,who bespeaked of how the court has not budged on the application on the 20th of FEBUARY,2015, when the petition was allegedly filed.

APRIL 08,2015, RELATOR, submitted to the convicting court a letter to ascertain the status of the pending application; To this day,the 29th of APRIL,2015, Relator has not heard or received any response from the court or his letter to the district clerk,KAREN MATKIN.

Relator requires the Respondent to immediately transmit to the Court of Criminal Appeals a copy of the Articel 11.07,demonstrate their findings of fact and conclusions of law,any answers filed, and a certificate reciting the date upon which that finding was made,if the convicting court decides that there are no issues to be resolved. No copy of the aforementioned items and a certificate have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by respondent as required by statute,Relator would have received notice from the Court of Criminal Appeals.

II.

C. RESPONDENT

Respondent Matkin, in her capacity as district clerk of McLennan County,

Relator's Appl.-2
In Re Harris
2010-544-C1A

Texas has a ministerial duty to receive and file all documents in all criminal proceedings, and perform all other duties imposed by law pursuant to Texas Government Code § 51.303, and is responsible under Section 51.303 to transmit to the Court of Criminal Appeals a copy of the Trial Courts Findings of Fact and Conclusions of Law to the Relator's Petition and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. Respondent Matkin, District Clerk of the McLennan County, Texas 19th District Court may be served at her place of employment at P.O.Box 2451, Waco, Texas 76703.

III.

D.VIOLATION OF ARTICLE 11 OF THE CODE OF CRIMINAL PROCEDURE

The respondent violated Articel 11.07 of the code of criminal procedure by failing to provide a copy of the Trial Court's Findings of Fact and Conclusions of Law to the Relator's petition of Habeas Corpus within the prescribed by law and a reasonable time from the date on which the documents were requested to be transmitted to the Court of Criminal Appeals;See letter to the District Clerk Karen Matkin dated April 08, 2015.(copy)

Request to the transmittal of the application for the writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made by Relator to Respondent Matkin, District Clerk of McLenan County, Texas dated April 08, 2015; pursuant to 11.34 of the Code of Criminal Procedure are attached to this application.

To date, Relator has received no response from Respondent regarding the Relator's request to transmittal of a copy of the Findings of Fact and Conclusions of Law, any answers filed, and a certificate reciting the date upon which

Relator's Appl.-3
In Re Harris
2010-544-C1A

the Finding of Facts and Conclusions of Law was made to the Court of Criminal Appeals.

As is clear from the Relator's letter, Relator has repeatedly put Respondent on notice that Relator seeks the transmittal of a copy of the Application of Habeas Corpus, Ad Testificandum, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals to act on the Relator's Habeas petition. Relator has gone beyond any requirement or obligation imposed upon him by the Code of Criminal Procedure in contrast to Respondents efforts.

Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07, is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written response to his correspondence and requests that were both written and verbal by manner of his family member.

Article 11.15 clearly dictates:
"The writ of Habeas Corpus shall be granted without delay by the judge or court receiving the petition unless it be made manifest from the petition itself, or some document annexed to it, that the party is entitled to no relief whatsoever, does not mandate that the trial court immediately rule on habeas corpus petition, but rather, it requires the court to issue the writ without delay once the petition is received by the court." See also Ex parte Shoels, 643 SW 2d 761.

Respondent is in violation of this procedure because her duties are ministerial, not discretionary.

IV.

E. PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Relator Harris respectfully request a finding that the Respondent did not transmit documents submitted in good faith by the Relator, to the Court of Criminal Appeals within a reasonable amount of

Relator's Appl.-4
In Re Harris
2010-544-ClA

time after the date they were accepted;Relator request this Honorable Court to order the respondent to transmit to the Court of Criminal Appeals Relator's Application, Memorandum at Law,Ad Testificandum,any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed by the Code of Criminal Procedure of Texas in Article 11.

Executed on this 4 day of May ,2015.

Respectfully submitted,

Terry Glenn Harris,Relator
1400 FM 6452,L.C.Powledge Unit
Palestine,Texas 75803

I,TERRY GLENNHARRIS,DO HEREBY CERTIFY THAT THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY,PURSUANT TO Chapter 132 OF THE Civil Practice and Remedies Code§132.001,Title 6.

TERRY GLENN HARRIS,RELATOR

Relator's Appl.-5
In Re Harris
2010-544-C1A