

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00093-CR

**EX PARTE** Greg **SAUL**

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 15-01-002-HCW
Honorable Russell Wilson, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed: July 1, 2015

AFFIRMED

Greg Saul appeals the trial court's order denying relief in Saul's application for a writ of habeas corpus challenging extradition. Saul's sole issue is that the evidence is insufficient to show that he is the individual named in the governor's warrant and the extradition request received from the State of Oklahoma.

An applicant for habeas corpus may assert he is not the person named in the request for extradition. *Wright v. State*, 717 S.W.2d 485, 487 (Tex. App.—San Antonio 1986, no pet.). Once identity is in issue, the burden shifts to the demanding state to prove the correct individual is being held for extradition. *Ex parte Smith*, 36 S.W.3d 927, 928 (Tex. App.—San Antonio 2001, no pet.). Identity need not be shown beyond a reasonable doubt in a habeas proceeding. *Ex parte Martinez*, 530 S.W.2d 578, 580-82 (Tex. Crim. App. 1975).

The trial court held a hearing on Saul's application, in which he alleged he was "not the person named in the request for extradition." The trial court admitted into evidence State's Exhibit 1, which included a warrant signed by Governor Greg Abbott reciting that Oklahoma had requested the State of Texas arrest "Gregory Alan Saul, Sr.," and deliver him to Oklahoma authorities and the request for extradition from the Governor of Oklahoma. The supporting documents in State's Exhibit 1 reflect that in February 2012, the District Attorney of Cleveland County, Oklahoma charged Gregory Alan Saul Sr. with three counts of first degree rape, two counts of second degree rape, two counts of forcible oral sodomy, willful solicitation of a minor to participate/distribute child pornography, and engaging in a pattern of criminal offenses. The documents state that Gregory Alan Saul Sr., whose date of birth is March 13, 1947, was arrested on February 20, 2012, in Cleveland County, and bond was set. State's Exhibit 1 contains an amended information, filed in Cleveland County in 2013, which added additional charges against Saul, and the affidavit of the Cleveland County District Attorney, which states Saul fled the jurisdiction.

State's Exhibit 1 also included a photograph and fingerprints of Gregory Alan Saul Sr. However, these documents were created in Wilson County, Texas, in December 2014, when Saul was arrested and refused to waive extradition. State's Exhibit 1 did not include any photograph or fingerprints created in Oklahoma. At the close of the evidence, Saul argued the evidence was insufficient to support a finding that appellant was the individual who had been charged in Oklahoma. The court recessed the proceedings without making a ruling.

The following day, the trial court granted the State's motion to reopen the evidence. The State introduced an audio recording of appellant's December 2014 arrest in Texas. On the recording, appellant states his full name is Gregory Alan Saul Sr. and that his date of birth is March 13, 1947. The State also introduced, without objection, State's Exhibit 6, a packet of documents from the Oklahoma State Bureau of Investigation, Identification Division. The packet contains

information, fingerprints, and a photograph received by that office on February 24, 2012, from the District Attorney of Cleveland County, Oklahoma. The fingerprint card is a form of the Oklahoma State Bureau of Investigation, is dated February 24, 2012, contains the name "Gregory Alan Saul, Sr." and a date of birth of March 13, 1947, and lists the charges against Saul as: three counts of first degree rape, two counts of second degree rape, two counts of forcible sodomy, solicitation of a minor for indecent exposure/obscene material, and engaging in a pattern of criminal offenses.

Israel Brionez, Jr., a fingerprint expert, testified for the State. Brionez testified that he obtained fingerprints from appellant earlier that day. Those prints were admitted as State's Exhibit 7. Brionez testified he compared the fingerprints in Exhibit 7 that he took from appellant with those taken from Gregory Alan Saul Sr. in Oklahoma in February 2012 and found on Exhibit 6. Brionez testified that the fingerprints on the two exhibits belong to the same individual.

The State's undisputed evidence was sufficient to establish that the photograph and fingerprints in Exhibit 6 belong to the person who is the subject of demand for extradition and the Governor's warrant. The State further established that the fingerprints in Exhibit 6 are those of appellant. That, together with the evidence that appellant identified himself as being Gregory Alan Saul Sr. and having the same birth date as the person named in the warrant, is sufficient to support the trial court's finding that appellant is the individual sought by the State of Oklahoma. Accordingly, the trial court did not err in denying habeas relief, and we affirm the trial court's order.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH